NORMAN L. GASTON, Plaintiff in Error,

*vs.*

WILLARD BABCOCK, Defendant in Error.

ERROR TO THE WALWORTH CIRCUIT COURT.

| 6 | 503 |
|---|---|
| 76 | 611 |
| 6 | 503 |
| 87 | 60 |
| 6 | 503 |
| d99 | 515 |
| 6 | 503 |
| 111 | ³430 |

The proceeding for the appointment of a guardian for an insane person, is not a "case at law" within the meaning of the fifth section of Article I. of the constitution of Wisconsin.

The language of said section, which provides that the right of trial by jury "shall *remain* inviolate," has reference to the law existing at the time of the adoption of the constitution.

An appeal lies to the circuit court from an order of the judge of probate appointing a guardian for an insane person, where a trial by jury can be ordered if necessary.

An appeal to the circuit court from the order of a judge of probate or county judge, appointing a guardian for an insane person, has the effect to suspend such order and all proceedings under it.

On the 10th day of January, 1854, a petition was filed with the judge of probate of Walworth county, representing that Matthias Mohr, of said county, was then insane, and wholly incompetent, by reason of said insanity, to take care of himself and manage his property; under which petition such proceedings where had by and before said judge of probate, according to, and in pursuance of, the 18th chapter of the revised statutes, sections 12, 13 and 14; that thereafter, on the 6th day of February, 1854, upon a final hearing then had of the said petition and proceeding, and it appearing to said court that said Mohr was incapable of taking care of himself and managing his property by reason of his insanity, it was ordered by said judge of probate that Norman L. Gaston be appointed guardian of said Mohr, on his giving bond in the penal sum of one thousand dollars; which condition being complied with, letters of guardianship of the person and property of said

Mohr were duly issued out of said probate court to said Gaston, who is the plaintiff in error in this case.

It appears that Gaston, after entering upon, in discharge of, his duties as such guardian, sold a pair of oxen, the property of his said ward, Mohr, to Willard Babcock, the defendant in error, for sixty dollars, and delivered possession of the cattle to said Babcock. That afterwards, Babcock sold the same cattle to one Chas Hunt, from whom they were replevied by the said Matthias Mohr, the insane ward of Gaston, who recovered in the action a judgment against Hunt in the circuit court of Walworth county ; but upon what ground does not appear.

Babcock, having settled with Hunt, brought the present action before a justice of the peace, against Gaston, for an implied warranty of title in the cattle sold him; to the declaration upon this implied warranty, Gaston pleaded specially the proceedings aforesaid before the probate court, and set out the letters of guardianship, and averred that while he was guardian of the person and property of the said Matthias Mohr, the said Mohr still being insane, and no other guardian having been appointed for the person and property of said Mohr, he, the said defendant, did as such guardian, and as he was authorized to do, sell and deliver to the plaintiff, on and for a sufficient consideration, one yoke of oxen, the property of said Mohr, as under and by virtue of said letters of guardianship he lawfully might ; and that the said sale of said oxen is the identical sale mentioned in the declaration of the plaintiff, and upon which he claims damages for an alleged breach of an implied warranty of title, &c.

To this plea the plaintiff demurred, assigning as the grounds of his demurrer, " 1st, That the said judge of probate had no jurisdiction of the matter ; and 2d, That the said Gaston was not legally appointed guardian of said Mohr by any law of this state."

The cause was tried before the justice on the 13th day of February, 1855, who entered judgment against Gaston for one hundred dollars, damages, and costs of suit; from which Gaston appealed to the circuit court.

Gaston vs. Babcock.

At the May term of the circuit court the demurrer filed before the justice was argued, and sustained by the court, which held that the matters contained in the special plea were insufficient in law for the defendant, Gaston, to maintain his defense against the plaintiff's declaration ; and the cause was tried by a jury, when, as appears from the bill of exceptions, the defendant offered in evidence all the proceedings before the judge of probate relating to the insanity of Mohr, and the appointment of the defendant as his guardian ; to all of which the plaintiff objected, on the ground that the statute authorizing said proceedings and the appointment of a guardian for an insane person by the judge of probate was unconstitutional and void, because the said statute did not provide for, or allow a jury to try the question of insanity. Which objection of said plaintiff, for the reason stated, was sustained by the court, and the testimony excluded ; and the defendant excepted. The jury found for the plaintiff, who had judgment.

*Winsor and Smith*, for plaintiff in error.

*R. R. Menzie*, for defendant in error.

*By the Court*, WHITON, C. J.—We think that the testimony which was offered by the plaintiff in error to show his appointment as the guardian of Mohr, should have been received.

No objection was taken to the regularity of the proceedings which resulted in his appointment ; the objection being merely that the statute, by force of which the appointment was made, was unconstitutional and therefore void.

The appointment was made by virtue of sections 12 and 13 of chapter 80 of the revised statutes, which confer ample power upon the judge of probate to make it, unless they are obnoxious to the objection taken to them by the circuit judge. The clause of the constitution to which the provisions contained in these sections of the statute are supposed by the counsel for the

defendant in error to be repugnant, is section five of the first article. It reads as follows: " The right of trial by jury shall " remain inviolate ; and shall extend to all cases at law, without " regard to the amount in controversy ; but a jury trial may be " waived by the parties in all cases in the manner prescribed " by law."

It is contended that as the sections of the revised statutes above referred to confer the power of appointing a guardian, upon a judge who has no power to empannel a jury to determine the question of insanity, they are incompatible with the clause of the constitution above quoted.

There can be no doubt that these sections of the statute do provide for the appointment of a guardian, without any determination of the question of the insanity of the person for whom the guardian is appointed, by a jury. They provide in effect that that question, as well as every other involved in the appointment, shall be decided by the judge alone.

But we are unable to perceive that this provision violates the clause of the constitution in question. This clause provides in substance that the right of trial by jury shall remain inviolate, and shall extend to all cases at law. We think that " cases at law," as these words are used in the constitution, are not cases of this description. Cases at law are properly controversies between parties, and not the appointment of guardians for minors or insane persons. Again, this clause of the constitution provides that the right of trial by jury shall *remain* inviolate.

We suppose this expression must have reference to the state of the law as it existed at the formation of the constitution, and means that this right shall continue as it was at the time of the formation and adoption of the constitution by the people of this state, (*Norval* vs. *Rice*, 2 Wis. R., 29), or to speak, perhaps, with greater precision, that it shall remain as full and perfect as it was at that time. Now it is apparent that when the present constitution was adopted, the right set up in this case by the counsel for the defendant in error did not exist. By the territorial laws which took effect in 1839, and which re-

mained in force till the adoption of our state constitution, the power to appoint guardians for insane persons was vested in judges of probate, who had the power to make the appointment upon the certificate of three "discreet persons" (who were appointed by the judge), or of a majority of them, that the person for whom the guardian was appointed was incapable of taking care of himself. Laws of 1839, p. 299. It will be seen that although the mode of proceeding was somewhat different from that prescribed by our present revised statutes, no jury was called to determine the question of insanity. We cannot see, therefore, as the law under which the guardian in this case was appointed, takes away or impairs any right which existed at the time of the adoption of the present constitution. But we are satisfied that the right of trial by jury of the question of the insanity of Mohr was substantially secured to him by the revised statutes. They provide (chap. 85, § 24) for an appeal in all cases not otherwise provided for, from the decision of the judge of probate to the circuit court; and section 34 of the same chapter provides "that the circuit court may reverse or affirm in whole or in part, the sentence or act appealed from, and may make such order or decree thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may take any other order therein as law and justice shall require." We do not think this right of appeal is taken away or impaired by section 23 of chapter 86, because it was evidently the intention of the legislature not to take away the right of appeal from the decisions of judges of probate, or judges of the county court.

It will be seen that the circuit court has the power to "take any order" in such cases "as law and justice shall require;" and we have no doubt that if the law required that the question of insanity should be determined in the affirmative by a jury before a guardian could be appointed, the judge of that court could order an issue to be made up, and a jury called to try that question. Further, if the constitution required it, the judge could not refuse when requested to call a jury to try the

question. It appears, therefore, that if the constitution required the question of insanity to be decided in the affirmative by a jury before a guardian could be appointed, the revised statutes secured to Mohr substantially all the rights which the plaintiff in error claims for him. No guardian could be authorized to act until the jury had decided the question, because the appeal would have the effect to suspend the order appointing him, until the determination of the appeal. R. S., ch. 85, § 33.

In any view we are able to take of the question, it appears that the appointment of the guardian was regular, and should have been so regarded by the circuit court.

The judgemnt must therefore be reversed and a new trial ordered.