RELIANCE AUTO REPAIR COMPANY, Respondent, vs. NUGENT, Appellant.

*October 27, 1914—February 9, 1915.*

*Constitutional law: Trial by jury: Milwaukee civil court: Appeal: Affirmance without new trial: Requiring jury fee: Change of venue: Rights of residents of other counties: Equal protection of the laws.*

1. The jury trial guaranteed by sec. 5, art. I, Const., is the jury trial which existed in the territory at the time of the adoption of the constitution.

2. The jury trial provided for in the civil court of Milwaukee county (under ch. 549, Laws of 1909) satisfies the constitutional guaranty; and, as the guaranty contemplates but one jury trial, the provisions of law authorizing the affirmance of judgments of that court without new trial do not transgress the constitution.

3. The requirement that the party demanding a jury shall pay into court a jury fee of $12, to be recovered by him in the cost bill if successful in the action, is not an unreasonable regulation of the right, nor is it an invasion of sec. 9, art. I, Const., which provides that "every person . . . ought to obtain justice freely, and without being obliged to purchase it."

[4. Whether ch. 261, Laws of 1913,—providing that on any appeal from the civil court to the circuit court of Milwaukee county, where the defendant resides in another county he may have the place of trial changed to the circuit court of his own county and shall be entitled to a new trial in the same cases as in case of appeal from justice's court,—denies to defendants residing in Milwaukee county the equal protection of the laws, is not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Plaintiff sued in the civil court of Milwaukee county to recover $93.35 for repairs upon and storage of defendant's automobile and recovered judgment therefor after a trial by the court, a jury trial having been waived.

The defendant appealed to the circuit court, where the judgment was affirmed upon the record notwithstanding the defendant's demand for a trial by jury. The defendant appeals from that judgment.

For the appellant there was a brief by *William J. Kershaw,* and oral argument by *Mr. Kershaw* and *Mr. R. I. Kenney.*

*Michael Levin,* for the respondent.

The following opinion was filed November 17, 1914:

WINSLOW, C. J.    The defendant's chief contention is that under sec. 5 of art. I of the state constitution, which provides that "the right of trial by jury shall remain inviolate," he was entitled to a jury trial in the circuit court, and that so much of the Civil Court Act (ch. 549, Laws of 1909) as purports to authorize the circuit court on appeal to affirm or modify judgments of the first named court upon the record without a jury trial is unconstitutional.

The Civil Court Act provides (sec. 19, ch. 549, *supra*) that either party to a civil action in that court may demand and have a trial by a jury of twelve men, to be drawn from the jury list of the county, upon paying to the clerk of the court $12, which sum is to be recovered as costs if he prevails. As appears from the statement of facts, the appellant waived his right to this jury trial.

The following propositions are decided in this case:

1. The jury trial guaranteed by the constitution is the jury trial which existed in the territory at the time of the adoption of the constitution, *i. e.* a trial in a court of competent jurisdiction before a jury of twelve men impartially selected. *Norval v. Rice,* 2 Wis. 22; *Gaston v. Babcock,* 6 Wis. 503; *Klein v. Valerius,* 87 Wis. 54, 57 N. W. 1112.

2. The jury trial provided for in the civil court of Milwaukee county satisfies this guaranty; and, as the guaranty only contemplates one jury trial, the provisions of law authorizing the affirmance of judgments of the civil court without new trial do not transgress the constitution in this regard.

3. The requirement that the party demanding a jury shall pay into court a jury fee of $12, to be recovered by him in the cost bill if successful in the action, is not an unreasonable regulation of the right, nor is it an invasion of sec. 9, art. I, of the constitution, which provides that "every person . . . ought to obtain justice freely, and without being obliged to purchase it." *Christianson v. Pioneer F. Co.* 101 Wis. 343, 77 N. W. 174, 917; *Harrigan v. Gilchrist,* 121 Wis. 127 (99 N. W. 909) at p. 215; *Conneau v. Geis,* 73 Cal. 176, 14 Pac. 580; *Adams v. Corriston,* 7 Minn. 456; *Adac v. Zangs,* 41 Iowa, 536; *Venine v. Archibald,* 3 Colo. 163; *State ex rel. Clark v. Neterer,* 33 Wash. 535, 74 Pac. 668; *Randall v. Kehlor,* 60 Me. 37. Furthermore, it appears that under the territorial statutes of Wisconsin any party recovering a verdict was required to pay into court for the benefit of the county $3 before the declaration of the verdict. Terr. Stats. 1839, p. 399, sec. 23. Under the Revised Statutes of 1849 and 1858, every plaintiff was required to pay into court for the use of the county $3 immediately after the swearing of the jury. R. S. 1849, ch. 131, sec. 28; R. S. 1858, ch. 133, sec. 33. Considering the greater purchasing power of money during those earlier years, this sum is not markedly greater than the sum now required to be advanced by the party demanding a jury. It is to be remembered also that under the present law the sum advanced is recovered as costs in case of success in the case.

4. It is unnecessary to pass upon the contention that ch. 261, Laws of 1913, amending the Civil Court Act, denies to defendants residing in Milwaukee county the equal protec-

tion of the laws. By this act it is provided that in cases where the defendant resides in another county he may have the place of trial of the appeal changed to the circuit court of his own county and be entitled to a new trial in the same cases as in case of appeal from justice's court. If the objection were sound (a point concerning which we express no opinion), its only effect would be to condemn the amending law,—not the act which it attempts to amend.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $20 costs, on February 9, 1915.