La Bowe, Respondent, vs. Balthazor, Appellant.

*March 10—April 21, 1923.*

Jury: *Right to trial by constitutional jury: Payment of $24 as condition: Public policy.*

1. The requirement of ch. 244, Laws 1921, creating the municipal court of Fond du Lac county, that in order to obtain a trial by constitutional jury in that court the party demanding it must advance $2 for each juror on the panel, is a violation of sec. 5, art. I, Const. *Reliance Auto Repair Co. v. Nugent,* 159 Wis. 488, distinguished.

2. The policy of the state so far as jury trials are concerned is determined by the constitution, and the legislature is not permitted to circumvent the constitutional provision in order even to secure a better public policy.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed, with directions.*

Automobile collision; damage to vehicle. The complaint alleges that Sixth street is intersected at right angles by Sycamore and Clybourn streets, all public highways in Milwaukee. On the 12th of March, 1922, the plaintiff, by his agent, was driving an automobile cab, and while turning around on Sixth street between Clybourn and Sycamore streets the defendant in his automobile negligently collided with the automobile of the plaintiff, causing damage. The answer charges negligence of the plaintiff and freedom of negligence on the part of the defendant, and counterclaims for damage to defendant's automobile. The case was tried before the municipal court of Fond du Lac county without a jury, resulting in judgment in favor of the plaintiff in the sum of $737 damages and $82.15 costs. From this judgment defendant appealed to the circuit court for Fond du Lac county, where the judgment of the lower court was affirmed, together with costs of $19.16. The defendant appeals and assigns as errors that ch. 244, Laws 1921, creating the mu-

nicipal court of Fond du Lac county, is unconstitutional in so far as it requires a fee of $2 for each juror to be deposited by the party demanding a jury trial, before such trial is allowed; that the court erred in entering judgment in excess of the amount demanded in the complaint, the complaint not being amended; in allowing a certain bill for repairs; in allowing loss of profits to the plaintiff; and in allowing depreciation on plaintiff's car.

The cause was submitted for. the appellant on the brief of *Kelley & Fellenz* of Fond du Lac, and for the respondent on that of *Duffy & McGalloway* of Fond du Lac.

CROWNHART, J.    The defendant raises the question of the constitutionality of the provision of the municipal court act, ch. 244, Laws 1921, in so far as said act provides that in order to obtain a jury in that court the party demanding the same must advance $2 for each juror on the panel.    Such municipal court act provides that either party may demand a jury of either six or twelve men upon the payment to the clerk of $2 per juror.    In case such party prevails in the action he may have the jury fees taxed as costs (secs. 9 and 25).    It is made a court of record (sec. 2), and has original jurisdiction to try all civil cases involving not to exceed $1,000 (sec. 20).    A change of venue is not permitted, but a court commissioner may be called in to try the case on an affidavit of prejudice (sec. 22).    Appeals are to the circuit court, and heard on the original papers and evidence, except it is provided that the circuit court may in its discretion grant a new trial in furtherance of justice (sec. 23).    A fee of $3 in cases involving $100 or less, and $4 in cases involving more than $100, must be paid to the clerk before process may issue.

This court has held that the jury trial guaranteed by sec. 5, art. I, Const., is the jury trial which existed in the territory at the time of the adoption of the constitution.    *Norval v.*

*Rice,* 2 Wis. 22; *Gaston v. Babcock,* 6 Wis. 503. In the *Norval Case* the court reviewed the common law and said:

"The meaning of the language used in our constitution must be gleaned from the common law, and this is because of the peculiarity of the language. 'The right of trial by jury shall *remain* inviolate;' that is, shall continue as it was at the time of the formation and adoption of the constitution by the people of this state. This right, '*according to the course of the common law,*' was guaranteed to the people of the Northwest Territory by art. 2 of the Ordinance of July 13, 1787" (*i. e.* "the inhabitants of the said territory shall always be entitled to the benefits . . . of judicial proceedings according to the course of the common law").

"In *State v. Cameron,* 2 Pin. 490, 499, STOW, C. J., said: 'The trial by jury as it existed of old is the trial by jury secured by our national and state constitutions. It is *not granted* by these instruments; it is more—it is *secured.* It is no American invention. Our fathers brought it with them to this country more than two centuries ago, and by making it a part of the constitution they intended to perpetuate it for their posterity, and neither legislatures nor courts have any power to infringe even the least of its privileges.' That language was quoted approvingly by RYAN, C. J., in *In re Eldred,* 46 Wis. 530, at p. 553 (1 N. W. 175), and it was again quoted in *Jackson v. State,* 81 Wis. 127, at p. 131 (51 N. W. 89)." *Klein v. Valerius,* 87 Wis. 54, at p. 61 (57 N. W. 1112).

Thus the law was well settled when *Reliance Auto Repair Co. v. Nugent,* 159 Wis. 488, 149 N. W. 377, came before this court. In that case the civil court act of Milwaukee county was in review, and a section of that act provided that a jury might be had on the payment to the clerk of $12 as the jury fee. In the opinion of the court the Milwaukee county act satisfied the guaranty of the constitution, and it was there said that—

"The requirement that the party demanding a jury shall pay into court a jury fee of $12, to be recovered by him in the cost bill if successful in the action, is not an unreasonable

regulation of the right, nor is it an invasion of sec. 9, art. I, of the constitution, which provides that 'every person . . . ought to obtain justice freely, and without being obliged to purchase it,' " citing cases.

The court further said:

"Furthermore, it appears that under the territorial statutes of Wisconsin any party recovering a verdict was required to pay into court for the benefit of the county $3 before the declaration of the verdict. Terr. Stats. 1839, p. 399, sec. 23. Under the Revised Statutes of 1849 and 1858, every plaintiff was required to pay into court for the use of the county $3 immediately after the swearing of the jury. R. S. 1849, ch. 131, sec. 28; R. S. 1858, ch. 133, sec. 33. Considering the greater purchasing power of money during those earlier years, this sum is not markedly greater than the sum now required to be advanced by the party demanding a jury."

It should be noted that it was the party who won the verdict who was required to pay a nominal jury fee.

Conceding the soundness of this decision, still it implies that there must be a limit beyond which the legislature may not go in imposing jury fees upon a litigant. Taking the premise that the constitutional provision that "the right of trial by jury shall remain inviolate" is intended to give to litigants the rights existing under the territorial laws, we have a fairly accurate gauge of what costs may be imposed on a party in order to secure a jury trial. As pointed out by Mr. Chief Justice WINSLOW, under the territorial laws a party recovering a verdict was required to pay into the court for the benefit of the county $3 before the declaration of the verdict. This meant that the prevailing party was required to pay $3 toward the expense of maintaining the court, which is quite a different thing than for the party to be required to pay $24 before he may obtain a jury, and as has been noted in the act before us, in addition to requiring the jury fee to be paid it requires a minimum fee of $3 to be paid before the action may be started. No difference in

the purchasing power of money between the territorial age and the present time will justify any such excessive advance charges at the present time. No such charges are made in the circuit courts, and only a state tax is required to be paid toward the costs in the circuit courts. When a party is brought into the municipal court of Fond du Lac county he has no opportunity to get out by change of venue or otherwise so that he may be assured a jury trial by a constitutional jury without the imposition of the charge of $24. The municipal court was created, no doubt, for the laudable purpose of taking care of minor cases involving less than $1,000 efficiently and economically, and it was quite clearly the intention of the legislature to impose the high jury fee in order to discourage trials by jury. The public policy of the state, however, is determined by the constitution so far as jury trials are concerned, and the legislature is not permitted to circumvent the constitutional provision in order to even secure a better public policy. That can only be done by constitutional amendment. Manifestly, the municipal court will deal with the poorer classes of litigants, but these litigants are entitled to the same rights and privileges under the constitution as those of larger possessions. We hold that the constitutional provision of right of trial by jury is violated by ch. 244, Laws 1921, and that the decision in *Reliance Auto Repair Co. v. Nugent,* 159 Wis. 488, 149 N. W. 377, marks the utmost limit of the charge that can constitutionally be imposed.

The defendant preserved his right to object to judgment herein by making a demand for a jury trial without paying the unlawful fee demanded. For this reason the judgment must be reversed and the cause remanded for a new trial. It is unnecessary to pass upon the other objections raised on the appeal.

*By the Court.*—The judgment is reversed, with directions to grant a new trial by jury without the imposition of the jury fee provided in the act creating the court.