GAUTIER PROPERTIES, a Florida Corporation, and B. C. PITTMAN, *Appellants,* v. BISCAYNE TRUST COMPANY, a Florida Corporation, as Executor of the Estate of John W. Erickson, Deceased, *Appellee.*

En Banc.

Opinion filed July 31, 1930.

404

*R. B. Gautier*, for Appellants.

*Holland & Kunkel,* for Appellee.

MATHEWS, Commissioner:

Appellee, complainant below, brought suit to foreclose a mortgage made by B. C. Pittman and Gautier Properties, a Florida corporation, appellants. Constructive service by publication was had on B. C. Pittman, and summons in chancery was issued and served upon Gautier Properties, a Florida corporation.

Appellants appeared specially for the sole and exclusive purpose of contesting the jurisdiction of the court over their persons and moved to quash the service had on them. From an order denying both motions to quash appellants appealed.

It is contended the published order for constructive process is void because it did not run in the name of the State of Florida.

Section 37 of Article V of the Constitution, providing that

"The style of all process shall be 'The State of Florida',"

and Section 4230 (2590), Comp. Gen. Laws of Florida, 1927, providing that

"All process shall run in the name of the State of Florida,"

have reference to process as used in the restricted sense and have reference only to that character of process which under the common law would run in the name of the king; and have no application to statutes providing for constructice service in chancery. Burns' v. Pittsburg Mtg. Inv. Co., 105 Okla. 150, 231 Pac. R. 887; McKenna v. Cooper,

79 Kan. 847, 101 Pac. 662; Herndon v. Wakefield-Moore Realty Co., 143 La. 724, 79 So. R. 318; Curry v. Hinman, 11 Ill. 420; In re Abraham Biniger, 7 Blatch (U. S. 2d Cir.) 262, text 274, Gilmer v. Bird, 15 Fla. 410; 20 Ency. Pl. & Pr. 1116.

Appellants contend that inasmuch as the order of publication was directed to the defendant, B. C. Pittman, by initials in lieu of his Christian name, it was wholly insufficient. The mortgage sought to be foreclosed appears to have been signed "B. C. Pittman."

Ordinarily for the purpose of constructive service, the legal name includes the first Christian name and the surname, 21 R. C. L. 1298. But the name is only a means of designating the person intended, and where one assumes, and comes to be known by, another name than that which he properly bears, that name may be effectually employed for the purpose of designating him. Blinn v. Chessman, 49 Minn. 140, 32 A. S. R. 536.

In a mortgage foreclosure suit, notice given to the defendant by the name which appears in the record of the mortgage is sufficient. 21 R. C. L. 1298.

Appellants further contend that the style of the cause is not set forth in the body of the order and that therefore the order is bad. The caption of the order of publication sets forth the name of the court, the number of the cause and the names of all parties complainant and defendant, and in that appellants term the "body of the order," the defendant, B. C. Pittman, and others were commanded to "appear to the bill of complaint filed in *this cause* * * *." The words *"this cause"* referred to the particular cause designated in the caption and were sufficient to give notice to the defendant, B. C. Pittman, of the particular suit in which he was to appear. See the order of publication in Lybass v. Town of Ft. Myers, 56 Fla. 817,

text 820, 47 So. R. 346, text 347, which was held good, though the precise point under discussion here was not there raised.

Defendant, Gautier Properties, a Florida corporation, contends the summons in chancery issued herein and served upon it does not comply with Section 4230 (2590, Comp. Gen. Laws of Florida, 1927, in that said summons was not tested in the name of all the judges of the court from which said summons issued. The summons was in form as required by Section 4893 (3109), Comp. Gen. Laws of Florida, and bore teste in the name of three of the four circuit judges.

The teste of a writ is a matter of form and is for the purpose of authenticity. Guaranty Trust, etc., Co. v. Buddington, 23 Fla. 514, 2 So. R. 885; Bowers on Process and Service. Sec. 50. And a summons in chancery may properly bear teste in the name of three of the four judges of the circuit court from which said summons issued.

The order of the trial court denying the motions to quash is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the trial court denying the motions to quash be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.