STATE ex rel. R. WHYTE, v. DEWITT T. GRAY, Judge Circuit Court, Duval County, et al.

156 So. 493.
Opinion Filed September 13, 1934.

*Twyman & McCarthy* and *Robert H. Anderson,* for Petitioner;

*J. W. Harrell* and *W. F. Dineen,* for Respondents.

DAVIS, C. J.—In an action on a promissory note for the principal amount of $10,300.00 signed by one H. A. Hubbard, as maker, it appeared by the pleadings that one R. Whyte, who was sued as endorser on such note, had by the terms of his endorsement, expressly limited his liability on the note to $2,000.00. The action was brought against Hubbard and Whyte in the Circuit Court of Duval County and in such suit the maker and endorser were joined as defendants, as is specially authorized by a statute. See Section 6819 C. G. L., 2473 R. G. S.

Under the terms of Chapter 8521, Acts of 1921, Laws of Florida, there has been created in Duval County a Civil Court of Record, which court has been vested with jurisdiction in all cases at law wherein the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.00. The effect of the statute creating the Civil Court of Record is to deprive the Circuit Court of Duval County of original jurisdiction in all cases at law wherein the matter in controversy is less than $3,000.00.

By an original proceeding in prohibition brought in this Court, the sole question raised for our determination is whether in an action on a promissory note for $10,300.00, the maker of same, who is properly sued in the Circuit Court for the whole amount of the principal of the note, can be joined under Section 6819 C. G. L., 4733 R. G. S., with another defendant sued as endorser on such note, when the maker's liability for the principal sum of $10,300.00 is admittedly within the jurisdiction of the Circuit Court, but the endorser's liability, by reason of an express embodiment in the instrument, is limited to $2,000.00, which is an amount not ordinarily within the jurisdiction of a Circuit Court, but within the jurisdiction of a Civil Court of Record

created by Chapter 8521, Acts of 1921, when it appears that such Civil Court exists in the county wherein the suit is instituted.

In the case pending in the Circuit Court against Hubbard, the maker of the note, and Whyte, the endorser, the defendant Whyte asserted want of jurisdiction to proceed in the controversy because it appeared that by the terms of his endorsement on the $10,300.00 note, he, the endorser, had expressly limited his liability as endorser to not exceeding $2,000.00, which latter amount Whyte contended was exclusively cognizable by a suit at law in the Civil Court of Record.

Under Section 11 of Article V of the Constitution of Florida, Circuit Courts have exclusive original jurisdiction in all causes at law not cognizable by inferior courts. But by the same section of the Constitution, Circuit Courts may also exercise jurisdiction in "such other matters as the Legislature may provide." So it is plain, therefore, that while Section 11 of Article V of the Constitution is a grant of exclusive jurisdiction to Circuit Courts in all cases at law not cognizable by inferior courts, such section is not necessarily a limitation on the judicial power of the Circuit Court to exercise jurisdiction in "such other matters as the Legislature may provide," including the exercise of jurisdiction in cases at law which, though generally made cognizable by inferior courts in ordinary cases, are nevertheless, for reasons of sound legislative policy, made by statute specially cognizable in the Circuit Courts in particular instances.

Our conclusion is that Section 6819 C. G. L., 4733 R. G. S., is to be given effect as a remedial statute designed to avoid circuity of procedure, and splitting of suits, in cases where plaintiff, as the payee of holder of a promissory note, desires to join as defendants in one and the same

action, both the maker and an endorser on such note, in order to reduce his single debt to a judgment against those who may be primarily and secondarily liable on same. See State *ex rel.* Mitchell v. Parks, Judge 115 Fla. 608, 155 Sou. Rep. 819.

The effect of this statute is to confer on the court having jurisdiction of the amount in good faith put in controversy by the plaintiff against the principal debtor, concomitant jurisdiction over guarantors, endorsers, or sureties who may be liable for all or any part of the principal debt sued for, inasmuch as plaintiff's claim against all of the defendants must necessarily have arisen from the transaction, circumstance or occurrence, and the same consideration, which led to the making and delivery of the note sued on.

Where by reason of the amount in good faith put in controversy against the principal debtor on a promissory note, the suit against such principal debtor must be as is brought in the Circuit Court, because of the jurisdictional amount in issue, the effect of Section 6819 C. G. L., 4733 R. G. S., is to authorize the plaintiff to sue in one and the same action, when brought against the principal debtor in the Circuit Court, all other persons who at or before the execution and delivery of the promissory note, endorsed, guaranteed, or became surety for the payment of the same, or otherwise secondarily liable for its payment, even though the liability of such endorsers, guarantors, sureties, etc., may have been specially limited to an amount below the amount over which the Circuit Court is given ordinary jurisdiction in counties where Civil Courts of Record have been established.

Section 6819 C. G. L., *supra,* is in its terms, broad enough to be applied to a case like this, and when so construed, the statute is referrable to the power of the Legislature under Section 11 of Article V to confer on Circuit Courts jurisdic-

tion of such other matters as it may by law provide, even though such matters would ordinarily be solely cognizable by an inferior court, if it were not for the statute.

It follows that the return of the respondent Circuit Judge to the *rule nisi* in prohibition must be held good, and the petitioner's motion for a writ of prohibition absolute denied, and the proceeding dismissed at cost of petitioner, and it is so ordered.

Writ of prohibition absolute denied, and proceeding dismissed with costs.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.