The legislature of 1949 enacted Chapter 25574, Laws of Florida, creating a Civil Claims Court in all counties having a population of not less than 160,000 and not more than 270,000, Hillsborough County being within this population bracket. After the effective date of the act petitioner undertook to adjudicate a claim in the Civil Claims Court of Hillsborough County. The Senior Circuit Judge, who was designated to perform the duties of said court, being in doubt of the constitutionality of Chapter 25574, declined to assume jurisdiction in the cause and on October 14, 1949, entered an order refusing to proceed under the act. Thereupon petitioner applied to this Court for alternative writ of mandamus commanding the Senior Circuit Judge to assume jurisdiction and proceed with the cause. We are confronted with a motion to quash the alternative writ.
The motion to quash challenges the constitutional validity of Chapter 25574 on these grounds. (1) It is a special or local act and notice of its passage as required by Section 21, Article III of the Constitution, F.S.A., was not given. It regulates the practice and procedure in a court of justice and is contrary to Section 20, Article III of the Constitution. (2) It imposes on the Senior Circuit Judges of the Circuit Court in which the Civil Claims Court is created, duties not permitted by Section 11, Article V of the Constitution. (3) It violates Sections 11 and 18, Article V of the Constitution, in that it attempts to give the Circuit Court of Hillsborough County, concurrent jurisdiction with the County Court of Hillsborough County. (4) It violates Sections 15, 18 and 30, Article V of the Constitution, in that it imposes duties on the Clerk of the County Court of Hillsborough County which properly belong to the Clerk of the Circuit Court. (5) It violates Section 37, Article V of the Constitution, in that the notice required by Section 16 does not run in the name of the State of Florida. (6) It violates Section 3, Declaration of Rights, Constitution of Florida, in that Section 13 requires a deposit of costs on the part of defendant before having his case tried by a jury. (7) It violates the due process clause of the State and Federal Constitution, Const.Fla. Declaration of Rights, § 12, Const.U.S.Amend. 14, in that Sections 6(a) and 6(b) authorize service on defendant by registered mail.
In State v. Sullivan, 95 Fla. 191, 116 So. 255, this Court was confronted with questions very similar to questions one, two, three and four as defined in the preceding paragraph and we held them to be without merit. As against the points raised in questions one, two, three and four we hold Chapter 25574, Acts of 1949 to be valid and constitutional on authority of the last cited case. The following cases are also pertinent. *Page 349 
State ex rel. Bliss v. Blitch, 100 Fla. 809, 130 So. 444; State ex rel. Ellars v. Board of County Commissioners, 147 Fla. 278, 3 So.2d 360; Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11; Cormack v. Coleman, 120 Fla. 1, 161 So. 844; State ex rel. Whyte v. Gray,116 Fla. 510, 156 So. 493; State ex rel. Watson v. Caldwell,156 Fla. 618, 23 So.2d 855.
In State v. Sullivan we did not have the question of imposing the duties of a newly created court on the Circuit Court as we have here. The respondent admits that this may be done, but he says the vice of the act in question consists in vesting the jurisdiction of the Civil Claims Court in the Circuit Court. We do not think there is any substance to this contention. Section 11 of Article V of the Constitution, defining the jurisdiction of the Circuit Court in terms authorizes the legislature to clothe it with jurisdiction of other matters, and in State v. Sullivan we held that the legislature might vest coordinate jurisdiction in two courts, provided the "exclusive" jurisdiction of neither of them was invaded.
By question five it is contended that the notice required by Section 16 of Chapter 25574 is violative of Section 37, Article V of the Constitution because it does not run in the name of the State of Florida.
Section 37, Article V, Constitution of Florida, provides that the style of all process shall be "The State of Florida" and all prosecutions shall be conducted in the name and by authority of the State. "Process" as used in this provision of the Constitution, has reference to the summons or other instrument by which the defendant is put on notice of the charge lodged against him or of the existence of any action that may have been brought against him. It must be sufficient to bring to his knowledge the fact of such charge or action.
In Gautier Properties et al. v. Biscayne Trust Co., 100 Fla. 403, 129 So. 848, this Court held that this provision of the Constitution had reference "only to that character of process which under the common law would run in the name of the king", and had no reference to statutes providing for constructive service in chancery. We are not convinced that the "notice" required by Section 16 is within this class, but if it could be so construed, we think that taken with the "Statement of claim" the notice is ample to meet the requirements of the Constitution. At any rate, Section 16 gives the Court ample power to correct the notice and statement in such manner as may be necessary to make it conform to legal requirements. It is accordingly our view that there is no merit to this contention.
It is next contended that Section 13 of Chapter 25574, Acts of 1949, is violative of Section 3, Declaration of Rights, Constitution of Florida, in that it unduly restricts the right of trial by jury.
Section 13, in effect, provides that a jury trial may be had upon demand of the plaintiff at the commencement of the suit or by defendant within five days after service of notice of suit by depositing with the judge or his clerk such a sum as the judge may fix as reasonable to secure the payment of costs incurred by reason of a jury trial. Section 3, Declaration of Rights provides that "the right of trial by jury shall be secured to all, and remain inviolate forever."
We do not think there is any merit to this contention. The act imposes the same requirement on the plaintiff and the defendant to secure a jury. The prerequisite for securing a jury is the payment of such costs as the Court may fix by reason of a jury trial. Costs should not be such as to make it difficult or impossible to secure a jury but we think the court has the discretion to fix costs in such manner as to prevent this. State ex rel. Jennings v. Peacock, 126 Fla. 743, 171 So. 821; Labowe v. Balthazor, 180 Wis. 419, 193 N.W. 244, 32 A.L.R. 862.
It is last contended that Sections 6(a) and 6(b) of Chapter 25574 providing for service of process on defendant by registered mail are violative of the due process clause of the State and Federal Constitutions.
The general rule in this country is, that the requirements of due process are satisfied when the notice is sufficient to advise defendant of the charge or claim against him and give him ample opportunity to present *Page 350 
his defense to it. The legislature may require that the notice be given by the Sheriff or other responsible person. We think that when service is made by registered mail and proof of receipt thereof is shown, due process is as effectively satisfied as if made and shown by a sheriff's return.
It is therefore our view that Chapter 25574, Acts of 1949 is a valid act and that the Civil Claims Court of Hillsborough County created by it is a valid Court. The motion to quash is overruled.
It is so ordered.
ADAMS, C.J., and CHAPMAN, THOMAS, HOBSON and ROBERTS, JJ., concur.
SEBRING, J., not participating because of illness.