PER CURIAM.
January 31, 1953
Governor Dan McCarty
Executive Office
Tallahassee, Florida
Sir:
We are in receipt of your request of January 22, 1953, for advisory opinion as follows:
“Honorable T. Frank Hobson Chief Justice and the Justices of the Supreme Court of Florida Tallahassee, Florida
“Re: Execution of the Laws, disqualification of judges; inferior legislative courts; what judges may be assigned.
“Gentlemen:
“Under section 6, article IV, of the state constitution [F.S.A.], the Governor is directed to take care that the laws of this state are faithfully executed; and under section 13, article IV, of the said constitution, the- Governor is authorized to request the written opinion of the Justices of the Supreme’ Court of this state as to the interpretation of any portion of the state constitution . upon any question affecting my executive powers and duties.
“It is one of the duties of the Governor, in connection with the .execution of the statutes and laws 'of this state, to assign judges where’ the presiding judge of a *275 court is disqualified or. unable to act in certain cases. On March 3, 1952, my predecessor in office requested your written opinion as to the powers and duty of the Governor in assigning judges to small claims courts consequent upon the disqualification or inability to act, of judges of small claims courts, which opinion was furnished on April 15, 1952, and which opinion is reported in 58 So.2d 319.
“Although it was indicated in the said opinion of April 15, 1952, that any judge of a common law court having concurrent jurisdiction, although such jurisdiction might also exceed the jurisdiction of the court whose judge was disqualified, might be assigned to such court, I am in doubt whether or not a circuit judge, a civil court of record judge, or other like or similar judge, may also be assigned by me to such inferior courts. There being no provision in the law for paying the expenses of judges so assigned to small claims courts it is felt that justice might be served in many cases if the circuit judge or other resident judge might be assigned in addition to those mentioned in your said opinion of April 15, 1952.
“I have before me now an order of disqualification of the judge of the Small Claims Court of Putnam County, Florida, and to assign another small claims court judge of equal jurisdiction or a judge of a county court (the Small Claims Court of Putnam County has a jurisdiction of common law demands not exceeding three hundred dollars) would require that the assigned judge travel from quite a distance. When there is a circuit judge residing in Putnam County, Florida.
“I also have before me now an order of disqualification of Judge Henry C. Tillman as ex officio judge of the Civil Claims Court in and for Hillsborough County, Florida'. The Civil Claims Court in and for Hills-borough County, Florida, exists under and by virtue of chapter 25574, laws of Florida, acts of 1949, and has ‘jurisdiction over all civil claims of an amount from $100.00 to $500.00’. The said act further provides that ‘the senior circuit judge of the judicial circuit in which such court is located, or any circuit judge in the circuit assigned by him from time to time, shall be judge of the civil claims court’. It is judicially known that Hillsborough County, Florida, is within the Thirteenth Judicial Circuit of this State and that said judicial circuit is presided over by four circuit judges of which Honorable L. L. Parks is the senior circuit judge. It is, therefore, presumed that Judge Tillman is acting as ex officio judge of the said civil claims cottrt under an assignment by the senior judge of the said circuit. These facts present the question of whether the Governor, acting under section 38.09, Florida Statutes [F.S.A.] (there being no provision in said chapter 25574, laws of Florida, acts of 1949, providing for the substitution of judges in case of a disqualification), may assign a judge to the said Civil Claims Court in and for Hills-borough County, Florida, in the absence of a showing 'o.f the disqualification or' inability to act of the remaining circuit judges of the Thirteenth Judicial Circuit, and if so, or upon the disqualification or inability to act of all other judges of the said circuit, what judges (circuit, civil court of record, or otherwise) may be assigned to said civil claims court by the Governor. In case a circuit judge is assigned should the Governor’s assignment be to the circuit (with further assignment by the senior circuit judge to the civil claims court) or may the assignment be made by , the Governor directly to the said. Civil Claims Court?
“Therefore, in order to properly perform my official' duties, and see that the laws of this state are faithfully executed, your answer to the following questions seem to be required:
“1. In addition to the judges which may be assigned to small claims courts, in cases of disqualification or inability of the presiding judge to act, mentioned in your opinion of April 15, 1952, 58 So.2d 319, may I assign circuit judges, judges of civil courts of record, and like and similar judges?
“2. May I assign a judge to preside over the- Civil Claims Court in and for Hills-borough County, Florida (chapter 25574, laws of Florida, acts of 1949) in the absence of a showing not only of the disqualification or inability of the circuit *276 judge assigned to preside over said court but also of all other circuit judges of the circuit?
“3. Is my assignment of judges to preside over the Civil Claims Court in and for Hillsborough County, Florida, limited to Circuit Judges or may I assign the judge of any other court having a like or similar jurisdiction? If only Circuit Judges may be. assigned then should the assignment be to the Civil Claims Court or to the Judicial Circuit to be further assigned by the senior circuit judge?
“Note: The validity of the Civil Claims Court in and for Hillsborough County, Florida appears to have been upheld in State ex rel. Murphy-McDonald Builders’ Supply Co. v. Parks, 43 So.2d 347.
“Thanking you in this connection, I am,
“Sincerely,
“Dan McCarty
.Governor.”
In response to question one you are advised that when disqualification or inability of the presiding judge of the Small Claims Court of Putnam County or any county is brought to your attention as required by Section 38.09, Florida Statutes 1951, F.S.A., you would be authorized to assign another Small Claims Court Judge of comparable or greater jurisdiction to preside over said Court. (TERRELL, J. is of the view that you would not only be authorized to assign another Small Claims Court Judge of comparable 'or greater jurisdiction but that you could assign a Civil Court of Record Judge, County Judge of comparable jurisdiction, or County Court Judge created under Section 18, Article V of the Constitution.)
In response to question two, you are advised that Chapter 25574 contemplates that the Senior Circuit Judge or one of the other Circuit Judges of the 13th Judicial Circuits shall be Judge of the Civil Claims Court of Hillsborough County. There is accordingly no authority for you to designate a judge to act under Section 38.09 until you have proof conclusive of the disqualification or inability of all the Circuit Judges in the 13th Judicial Circuit to preside.
In response to question three it is our opinion that you are limited to oth’er circuit judges in assigning a judge to preside over the Civil Claims Court. When it becomes your duty to proceed under Section 38.09 to assign a judge to preside over the Civil Claims Court the assignment should be to the Senior Circuit Judge of the 13th Judicial Circuit who in turn should make the assignment to the Civil Claims Court. (TERRELL, J. is of the view that you would not only be authorized to assign another circuit judge but that you could assign a civil court of record judge, county judge of comparable jurisdiction or county court judge created under Section 18, Article V of the constitution.)
Respectfully submitted,
T. FRANK HOBSON Chief Justice
GLENN TERRELL
ELWYN THOMAS
H. L. SEBRING
B. K. ROBERTS
JOHN E. MATHEWS
E. HARRIS DREW Justices