PER CURIAM.
This is an appeal from a final judgment in the Circuit .Court of Duval ,County, Florida. -
The suit wás origifíally filed in the Civil Court of Record in and for Duval ■ County, Florida, and showed 'that the complaint was for an amount within the jurisdiction of that Court. . The defendants, appellants here, filed answers, setting up defenses to the claim, and incorporated counter-claims, for an amount above the Jurisdiction of the Civil Court of Record.-- ■
The plaintiff below, appellee here, filed a motion to strike the defenses and a motion to dismiss the counter-claims.
Thereafter, the same defendants, appellants here, filed a motion in the Civil Court of Record for a transfer of the cause to a court of competent jurisdiction. The Judge of the Civil Court of Record made and entered an order reading as follows:
“This cause coming on to be heard before' me this day on the motion of the Defendants to transfer the same to a Court of competent jurisdiction, and it appearing to and being found by the ¡Court that the answer of the Defendants heretofore filed in this Cause include compulsory counter-claims for damages in amounts exceeding the jurisdiction of this Court; that said counterclaims do not require the presence of third parties in said Cause, and the Court being fully advised in the premises, it is upon consideration:
“Ordered and Adjudged that the above entitled Cause be, and it is hereby, transferred to the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida; * *
The Circuit Court then took jurisdiction of the matter and after various motions and further pleadings, the final result was that the appellants’ third amended answer was stricken and all counterclaims were dismissed. without leave to amend further. After due notice, the Circuit Judge entered a.final judgment for the plaintiff, appellee here. At the time of the entry of summary judgment, - all pleadings, of the- appellants had been stricken.
The important question to be -decided is whether or not the Circuit Judge had jurisdiction of the cause after, orders had been made dismissing the counter-claims.
The Civil Court of Record in and for Duval County is a creature of the Statute. The Circuit Court is a constitutional court. Under Section 11 of Article 5 of the 'Constitution, F.S.A., Circuit Courts have exclusive original jurisdiction in all causes at law not cognizable by inferior courts, and may also exercise jurisdiction in such other matters as the Legislature may provide. Section 52.12, F.S., F.S.A., provides : - ,
“The court to .which transferred shall -have full power and jurisdiction .oyer the demands of both the defend;-: -ant and thé,plaintiff in- the said suit . *916 and may adjudicate the same and enter judgment thereon.”
This question is controlled by the case of State ex rel. Whyte v. Gray, 116 Fla. 510, 156 So. 493, 494. In that case the Court said :
“Under section 11 of article 5 of the Constitution of Florida, circuit courts have exclusive original jurisdiction in all causes at law not cognizable by inferior courts. But by the same section of the Constitution, circuit courts may also exercise jurisdiction in 'such other matters as the Legislature may provide.’ So it is plain, therefore, that, while section 11 of article 5 of the Constitution is a grant of exclusive jurisdiction to circuit courts in all cases at law not cognizable by inferior courts, such section is not necessarily a limitation on the judicial power of the circuit court to exercise jurisdiction in ‘such other matters as the Legislature may provide,’ including the exercise of jurisdiction in cases at law which, though generally made cognizable by inferior courts in ordinary cases, are, nevertheless, for reasons of sound legislative policy, made by statute specially cognizable in the circuit courts in particular instances.
* *'■ * * * *
“Section 6819, Comp.Geh.Laws, supra, [F.S.A. § 46.11], is in its terms broad enough to be applied to a case liké this, and,1 when so construed, the statute is referable to the power of the Legislature under section 11 of article 5 to confer on circuit courts jurisdiction of such other matters as it may by law provide, even though such matters would ordinarily be solely cognizable -by an inferior court, if it were not for the statute.”
The appellants in the cburt below maintained that the Civil Court of Record did not have jurisdiction and that the Circuit Court did have jurisdiction because of the amount of the compulsory counterclaim. The only way the appellants could sustain their position in this Court that the Circuit Court did not have jurisdiction after the counter-claim was eliminated would be to show that their own defenses and counterclaims were not filed in good faith. The good faith of the appellants in filing the pleas and counter-claims in the Court below was not questioned and will not be considered here.
The exercise of jurisdiction in this case by the Circuit Court was the exercise of jurisdiction in “such other matters as the Legislature may provide,” and it was not error to adjudicate all matters in said cause and to enter a final judgment therein.
Other assignments of error in which the correctness of the rulings of the Circuit Court in passing upon the sufficiency of the defenses and counter-claims are questioned, have been carefully considered and are found to be without merit. No purpose could be served by a detailed discussion of them.
Affirmed.
ROBERTS, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.