SHANNON, Chief Judge.
This appeal is from a final judgment dismissing with prejudice a petition for a peremptory writ of mandamus filed below by appellant-petitioner. The appellee was respondent below.
On October 2, 1961, petitioner tendered to respondent below for filing in the circuit court a complaint seeking judgment against one Tony Gonzalo in the amount of $588.10, exclusive of interest and costs. Respondent Clerk refused to accept the complaint for filing on the ground that the circuit court did not have jurisdiction of the cause since the amount involved was less than $1,000.00. Respondent’s action was based on Ch. 61-815, Laws of Florida, 1961, which gave the Civil Claims Court of Hillsborough County “jurisdiction over all civil claims of an amount from $100.00 to $1,000.00, inclusive.” Ch. 61-815 was an amendment to Ch. 25574, Laws of Florida, 1949, which established in “each county in this state having a population of not less than 160,000 and not more than 270,000 inhabitants according to the last state census, a court known as a civil claims court, which court shall have jurisdiction over all civil claims of an amount from $100.00 to $500.00.” The 1949 law further provided, in Sec. 13: “Jury trials may be had upon demand of the plaintiff at the time of the commencement of his suit or by the defendant within five days after service of notice of suit by depositing with the judge or his clerk such sum as the judge may fix as reasonable to secure the payment of costs incurred by reason of jury trial.”
Ch. 61-815, supra, amended Ch. 25574, supra, “established in each county in this state having a population of not less than three hundred ninety thousand (390,000) inhabitants and not more than four hundred fifty thousand (450,000) inhabitants according to the latest official state-wide decennial census, a court known as a civil claims court, which court shall have jurisdiction over all civil claims of an amount from $100.00 to $1,000.00, inclusive.”
On January 2, 1962, the State on the relation of Hartford Fire Insurance Group filed its petition for an alternative writ of mandamus seeking to require the Clerk of the Circuit Court for Flillsborough County to accept for filing as his ministerial duty the action at law for damages of $588.10. On the same day the alternative writ issued with respondent’s consent and return was filed. Petitioner moved for a peremptory writ and the order of dismissal was subsequently entered.
*753 It was alleged by the petitioner that the jurisdiction of the civil claims court must be concurrent with that of the circuit court within the $500.00 to $1,000.00 range and that the law of Florida does not prevent such concurrent jurisdiction. Additionally, it was asserted that the Clerk’s interpretation of Ch. 61-815, Laws of Florida, 1961, supra, is unreasonable and arbitrary in that it tends to create a class of persons who cannot obtain trial by jury in a civil case in Hillsborough County without payment of a deposit for costs, thereby making trial by jury difficult or impossible for those litigants.
The return filed by respondent admitted most of the factual allegations but denied the conclusions and interpretations drawn in the petition. It likewise denied concurrent jurisdiction of the two courts.
In its order of dismissal, the court stated, inter alia:
“(c) That by virtue of the provisions of Chapter 61-815, Laws of Florida, 1961, the Circuit Court of Hills-borough County, Florida, was deprived of original jurisdiction of all civil claims not involving an amount in excess of One Thousand Dollars ($1,-000.00); that jurisdiction of such claims is now vested in the Civil Claims Court of Hillsborough County, Florida (and other Courts of limited jurisdiction not involved herein) ; and that jurisdiction of such cases is not vested concurrently in this Court and said Civil Claims Court. See Mendez v. Ortega, Fla.App., 134 So.2d 247.
“(d) That the provisions of Chapter 25574, Laws of Florida, 1949, as amended by Chapter 61-815, Laws of Florida, 1961, which require a cost deposit for payment of jurors as a condition to obtaining a jury trial, do not deprive Petitioner of its constitutional right to trial by jury and that the cost deposit required by the Civil Claims Court of Hillsborough County pursuant to said provisions is not unreasonable or excessive and does not make trial by jury in said Court difficult or impossible so as to deprive Petitioner of its right to trial by jury; State [ex rel. Murphy-McDonald Builders’ Supply Co.] v. Parks [Fla.], 43 So.2d 347.
“(e) That the provisions of Chapter 25574, Laws of Florida, 1949, as amended by Chapter 61-715 [sic] Laws of Florida, 1961, do not unlawfully or unconstitutionally create a class of persons who are deprived of the right to trial by jury in civil cases involving claims of more than five hundred dollars ($500.00) and less than one thousand dollars ($1,000.00).”
From this order petitioner appeals.
The points presented by appellant-petitioner raise the questions: 1) whether or not the circuit court has concurrent jurisdiction with the civil claims court in cases at law involving more than $500.00 but less than $1,000.00; and 2) whether or not Ch. 61-815, supra, effectively denies the right to trial by jury.
Article V, Sec. 1, of the Florida Constitution, F.S.A., provides:
“The judicial power of the State of Florida is vested in a supreme court, district courts of appeal, circuit courts, Court of Record of Escambia County, criminal courts of record, county courts, county judge’s courts, juvenile courts, courts of justices of the peace, and such other courts, including municipal courts, or commissions, as the legislature may from time to time ordain and establish.”
Pursuant to this constitutional authority, the 1949 Florida Legislature enacted Ch. 25574, supra, and in 1961, amended it with the enactment of Ch. 61-815, supra. These acts created in Hillsborough County a civil claims court with jurisdictional limits of $100.00 and $1,000.00, in cases at law.
*754 Article V, Sec. 6(3), the section dealing with jurisdiction of the circuit courts, provides that they “shall have exclusive original jurisdiction * * * in all cases at law not cognizable by subordinate courts, sjc ⅜ ‡ »
In the case of State ex rel. Murphy-McDonald Builders’ Supply Co. v. Parks, Fla.1949, 43 So.2d 347, the Supreme Court decided several questions regarding the validity and effect of Ch. 25574, supra, but did not decide the question of concurrent jurisdiction raised herein. Later, however, in the case of Caudell v. Leventis, Fla.1950, 43 So.2d 853, the Supreme Court, faced with the question whether the Circuit Court of Dade County had power and authority to transfer to the Civil Court of Record of Dade County a common law action instituted in the Circuit Court, when it appeared that the amount involved did not exceed $5,000.00, exclusive of interest and costs, had this to say:
“The jurisdiction of courts in this state is regulated by the Constitution or by statutes duly enacted pursuant to the Constitution. Section 11 of Article V of the Constitution of Florida, F.S.A., fixes the jurisdiction of the Circuit Courts of the State, including the Circuit Court of Dade County, by giving them ‘exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.’ ”
“In Dade County, Florida, an inferior court, the Civil Court of Record of Dade County, is given original jurisdiction ‘of all cases at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of five thousand dollars’ and hence in that county the Circuit Court is divested of original jurisdiction in ‘all cases at law’ except those in which the minimum amount claimed, exclusive of interest and costs, is greater than the maximum amount of which the Civil Court of Record of Dade County has jurisdiction.”
It is noted that in the court’s quotation from Article V of the Constitution, the emphasis was placed on the words “not cognizable by inferior courts” rather than on the language dealing with the exclusive original jurisdiction of the circuit courts. Then, after quoting from Sec. 33.14, Fla. Stat., F.S.A., the jurisdictional language of which is quite similar to Ch. 25574, as amended by Ch. 61-815, supra, the court held that the circuit court was, by that language, divested of original jurisdiction, and that, therefore, the order of transfer-ral entered below by the circuit court was erroneous, that court having had no jurisdiction over the matter.
We hold, on the basis of the above decision in Caudell v. Leventis, that the matter sought to be instituted in the circuit court in the instant case was cognizable by an inferior court and that under Ch. 25574, Laws of Florida, 1949, as amended by Ch. 61-815, Laws of Florida, 1961, the circuit court is divested of original jurisdiction in all cases at law except those in which the minimum amount claimed exclusive of interest and costs, is greater than the amount of which the civil claims court has jurisdiction.
Turning now to appellant’s second question, we quote from the opinion in State ex rel. Murphy-McDonald Builders’ Supply Co. v. Parks, supra:
“It is next contended that Section 13 of Chapter 25574, Acts of 1949, is violative of Section 3, Declaration of *755 Rights, Constitution of Florida, in that it unduly restricts the right of trial by jury.”
“Section 13, in effect, provides that a jury trial may be had upon demand of the plaintiff at the commencement of the suit or by defendant within five days after service of notice of suit by depositing with the judge or his clerk such a sum as the judge may fix as reasonable to secure the payment of costs incurred by reason of a jury trial.. Section 3, Declaration of Rights provides that ‘the right of trial by jury shall be secured to all, and remain inviolate forever.’ ”
“We do not think there is any merit to this contention. The act imposes the same requirement on the plaintiff and the defendant to secure a jury. The prerequisite for securing a jury is the payment of such costs as the Court may fix by reason of a jury trial. Costs should not be such as to make it difficult or impossible to secure a jury but we think the court has the discretion to fix costs in such manner as to prevent this. State ex rel. Jennings v. Peacock, 126 Fla. 743, 171 So. 821; Labowe v. Balthazor, 180 Wis. 419, 193 N.W. 244, 32 A.L.R. 862.”
This language establishes the proposition that there is no constitutional impairment of a litigant’s right to trial by jury where the cost deposit is reasonable. We think it is determinative of the second question raised herein by appellant and that, therefore, the 1961 amendment to Ch. 2SS74, supra, increasing the jurisdictional limit of the civil claims court to $1,000.00 does not constitute a denial of the right to a trial by jury.
For the above reasons, the final judgment dismissing with prejudice appellant’s petition for a peremptory writ of mandamus is affirmed.
SMITH and WHITE, JJ., concur.