McNULTY, Chief Judge.
The question we answer this day is whether the circuit court erred in dismissing appellant’s five counterclaims for damages on the ground that such did not meet the $2,500 jurisdictional prerequisite. Sections 26.012(2)(a) and 34.01(1), F.S.1973. We answer in the affirmative and reverse.
Although Rule 1.170(j), R.C.P., requires transfer to the circuit court in the converse situation where the counterclaim exceeds $2,500, no Florida rule nor case law speaks to the case as here where the plaintiff’s original claim exceeds the jurisdictional amount but the counterclaim is less than $2,500. The weight of authority considering the question has followed the rule that where the court has jurisdiction over the plaintiff’s claim, the defendant may assert a counterclaim for damages in a sum less than the court’s ordinary jurisdictional limit.[1] We join that array.
In adopting the view that counterclaims should not be dismissed for failure to meet the jurisdictional amount of the circuit court, we follow the tide of modern procedural reform and the spirit of the Florida *468 Rules of Civil Procedure in promoting judicial economy and removing hyper-technical traps.[2]
In view whereof, the order appealed from should be, and it is hereby, reversed.
BOARDMAN and SCHEB, JJ., concur.

. See, e. g., Collison v. Thomas (1961), 55 Cal.2d 490, 11 Cal.Rptr. 555, 360 P.2d 51; Watkins v. Cossaboom (Tex.Civ.App., 1947), 204 S.W.2d 56; 21 C.J.S. Courts § 66 (1940). Compare, however, the federal decisions under Federal Rule 13 which seem to indicate that only compulsory counterclaims may be maintained in the same action regardless of the jurisdictional amount. See 6 Wright and Miller, Federal Practice and Procedure, § 1415. These cases have been criticized, however, by responsible commentators. See, e. g., Wright and Miller, supra, § 1423, and 3 Moore, Federal Practice ¶ 13.19 [2] (2d ed. 1974).

. Florida courts have already spoken to the other side of the coin where the plaintiff’s claim failed to satisfy the jurisdictional prerequisite of the circuit court, thus was filed in the lower court, and defendant’s counterclaim met the prerequisite. In interpreting Rule 1.170(j), R.C.P., it has been held that transfer of both the plaintiff’s original claim and defendant’s counterclaim is required whether or not the counterclaim is designated “compulsory” or “permissive” and notwithstanding that plaintiff’s original claim is without the circuit court’s jurisdiction. See Davis v. Flato (Fla.App.4th, 1968), 210 So.2d 16; State ex rel. Rosenfeld v. Boyer (Fla.App. 1st, 1962), 145 So.2d 547.