PER CURIAM.
This appeal is taken from an order granting appellee’s (plaintiff-counterdefendant) motion for voluntary dismissal over appellants’ (defendants-counterplaintiffs) objection.
Appellee filed a complaint against appellants for injuries sustained in an automobile accident. Appellants subsequently answered the complaint and filed a compulsory counterclaim against appellee. At the day of the trial, during noon recess and after the jury had been empanelled, appel-lee moved for leave to take a voluntary dismissal of the complaint, pursuant to Fla. R.Civ.P. 1.420(a)(2). Appellants’ attorney objected to the voluntary dismissal and advised the court that the counter-claimants stood ready to proceed with the trial on the counterclaim. Nevertheless, the court granted the voluntary dismissal and by order, dismissed appellant’s counterclaim on the grounds that said counterclaim sought damages less than the court’s jurisdictional amount. In addition, the court directed that the action on the counterclaim (for property damage) be brought in the county court in and for Monroe County, Florida. From the above order, this appeal follows.
Florida. R.Civ.P. 1.420(a)(2) provides, in part, that:
“If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff’s notice of dismissal, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court.” [Emphasis added.]
In dismissing appellants’ counterclaim on the ground that the recovery sought would be less than the jurisdictional amount required by the circuit court, we believe the learned trial judge committed reversible error.
Initially, we note that a counterclaim will not be dismissed for failure to meet the jurisdictional amount of the circuit court, as long as the original claim upon which the counterclaim is based exceeds the jurisdictional amount of said court. Columbus Mills, Inc. v. Dionne, 328 So.2d 467 (Fla. 2d DCA 1976). Once the circuit court has jurisdiction over the claim and counterclaim, a subsequent dismissal of the claim will not divest the circuit court of jurisdiction over the counterclaim, even though said counterclaim, in and of itself, does not meet the jurisdictional amount of the circuit court. See National Juice Corporation v. Gilligan, 63 So.2d 914 (Fla.1953).
Accordingly, that portion of the order dismissing the counterclaim is reversed and the cause is hereby remanded with directions to reinstate the counterclaim upon the trial docket. Johns v. Puca, 143 So.2d 568 (Fla. 2d DCA 1962). That portion of the order granting appellee’s motion for voluntary dismissal pursuant to Fla.R.Civ.P. 1.420(a)(2), is affirmed.
Affirmed in part; reversed and remanded with directions in part.