ORFINGER, R. B., J.
This dispute, involving $5,774.50 of allegedly substandard car repairs, makes its third (and hopefully last) appearance before this court. See Burns v. Hacker, No. 97-2579 (Fla. 5th DCA Sept. 25, 1997) (Burns I) and Burns v. Hacker, 729 So.2d 398 (Fla. 5th DCA 1998) (Burns II). In Burns II, we held that the circuit court correctly ruled that it was without jurisdiction to consider Burns’ claim because it did not meet the jurisdictional threshold of $15,000. We directed Burns to file his action in county court.[1] After he did so, the circuit court transferred the Hackers’ counterclaim to county court to be consolidated with Burns’ newly filed county court case, since it sought damages under $15,000 and had been filed in the circuit court as a compulsory counterclaim to Burns’ original complaint. See Columbus Mills, Inc. v. Dionne, 328 So.2d 467 (Fla. 2d DCA 1976). The county judge to whom the case was assigned entered an order “declining” to accept the case because the judge concluded that the county court was without jurisdiction to hear the dispute. Burns then sought to have the circuit court consider the case. Consistent with our opinion in-Bums II, the circuit court declined.
As he has in his prior appeals, Burns seeks relief premised on numerous alleged errors, most of which either have no merit or have previously been rejected by this court. The only issue presented that merits discussion is Burns’ apparent inability to get either the circuit court (that has no jurisdiction) or the county court (that has “declined” to accept the matter) to hear this ease. Burns now seeks a writ of mandamus directing the circuit court to hear the matter. As we said in Burns II, the complaint and the counterclaim are (and always have been) within the exclusive jurisdiction of the county court. Accordingly, we deny the petition.[2]
PETITION DENIED.
THOMPSON, C.J. and SHARP, W., J., concur.

. After three appeals and at least five amended complaints, the most recent of which sets forth five separate counts in this $5,774.50 dispute, this case, instituted in 1996, is still not close to resolution. World War II was concluded in less time.

. We are confident that the county court will reconsider its order declining to hear this case and not require Burns to seek mandamus relief in the circuit court.