J. C. Lewis Co. v. Adamski, 131 Wis. 311.

J. C. LEWIS COMPANY, Appellant, vs. ADAMSKI, Respondent.

*March 20—April 9, 1907.*

*Municipal courts: Action on judgment: Limitations: Pleading.*

1. The municipal court for Langlade county, created by ch. 96, Laws of 1891, is not a justice's court nor a court of record, but is a municipal court under sec. 2, art. VII, Const.; and an action upon its judgment is barred, under subd. 1, sec. 4222, Stats. (1898), after six years from the rendition thereof.

2. Where a transcript of a judgment of said municipal court has been filed and docketed with the clerk of the circuit court as authorized by said act of 1891, an action upon the judgment so docketed is, by secs. 2900, 2902, Stats. (1898), barred after ten years from the date of its rendition.

3. In an action upon a judgment of the municipal court for Langlade county the answer alleged the date of the rendition of the judgment and the date of the filing of a transcript with the clerk of the circuit court. It also alleged that more than ten years had elapsed between the entering of said judgment and the commencement of the action thereon. It then alleged that the action was barred by subd. 1, sec. 4222, Stats. (1898). *Held,* that defendant was entitled to rely upon the ten-year limitation under secs. 2900, 2902.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

On January 14, 1895, plaintiff obtained judgment for $172.84 against defendant in the municipal court for Langlade county. No part thereof has been paid except $25. The answer admits that the judgment was so obtained, and alleges that a transcript of the judgment was filed on or about March 11, 1897, with the clerk of the circuit court for Langlade county and that the judgment was then docketed in the circuit court. The answer contains the following allegation: "Third. That more than ten years have elapsed between the entering of said judgment and the commencement of this action;" and the further allegation that the action is barred by sec. 4219 and subd. 1, sec. 4222, Stats. (1898). It is also alleged that another action is pending between the same parties covering the same subject of action. The place of trial was changed to Winnebago county. The cause was tried before the court upon a stipulated statement of facts and judgment awarded for defendant. This is an appeal from such judgment.

For the appellant there was a brief by *Goodrick v. Goodrick,* and oral argument by *A. B. Goodrick.*

For the respondent the cause was submitted on the brief of *E. A. Morse.*

SIEBECKER, J. Whether the judgment of the municipal court is to be deemed a justice's court judgment depends upon the character of the municipal court wherein it was rendered. The act creating this court provides that it shall be a municipal court for Langlade county, and that the judge shall be elected by the people of the county for four years, and that no one shall be elected to such office unless he be a duly licensed attorney at law. The jurisdiction conferred extends beyond that of justices of the peace, in that civil actions may be brought in the court wherein the damages or value of the property in controversy does not exceed the sum of $500. It is also vested with jurisdiction to try all appeals in civil ac-

tions from justices of the peace, and the act prescribes how they may be brought to trial and prosecuted upon notice or dismissed upon the conditions specified. ·The judge of this court is also given power to set aside verdicts, grant new trials on payment of the costs, or on such conditions as to costs as justice requires; he may modify and reverse the judgments and orders of said court or the judge thereof, or do any act or· thing which circuit courts may do during trial terms, being governed therein by the general law and practice of the circuit courts as nearly as may be, where the rules of law of justices' courts are inadequate or do not apply. From this it is obvious that the court is given powers and jurisdiction in excess of those possessed by justices of the peace, and this clearly indicates that the municipal court is not a justice's court but is a municipal court under sec. 2, art. VII, Const. However, it is not a court of record, for no provision is made for a clerk of this court, and the provision for a seal does not make it obligatory on the judge to provide one; thus two essentials which are deemed important features of a court of record are omitted. It is manifestly not a justice's court nor a court of record, but is a municipal court exercising the powers and jurisdiction specially conferred upon it by the legislature.

It is claimed that no statute of limitation is pleaded except those specified in the fourth.paragraph of the answer, namely, sec. 4219 and subd. 1, sec. 4222, Stats. (1898). The pleadings of both parties allege the date of the rendition of the judgment sued on, and the answer, in addition to alleging the date of the filing of the transcript with the clerk of the circuit court, contains the following allegation:

"Third. That more than ten years have elapsed between the entering of said judgment and the commencement of this action."

This separate allegation, in connection with the other facts alleged in the answer, indicates that reliance was placed on

such allegation, and it was evidently inserted for no other purpose than to inform the plaintiff of the claim that the ten-year limitation within which this action could be brought had expired and that the action was barred. Such a defense is sufficiently pleaded if the facts alleged constitute a bar and indicate with reasonable certainty that it is claimed as a defense. We think this answer meets both these requirements and that defendant was entitled to rely on it. The specification in the fourth paragraph of the answer, that the action is barred by sec. 4222, does not indicate that defendant did not rely on the ten-year limitation statute covered by the preceding third allegation, and cannot operate to preclude him from standing on this defense if it applies to the facts of the case. If the judgment sued on be regarded as the judgment of this municipal court, then it is embraced within the class of judgments covered by the first subdivision of sec. 4222, Stats. (1898), as a judgment of a court not of record, and an action on it became barred at the expiration of six years from the rendition of the judgment.

It however appears that a transcript of this municipal court judgment was filed with the clerk of the circuit court on March 11, 1897. The statute creating this court provides:

"Transcripts of judgments of the municipal court may be filed and docketed with the clerk of the circuit court for said county with the same effect as may be transcripts of judgments rendered by justices of the peace of said county."

Sec. 2900, Stats. (1898), authorizes the filing of transcripts of such judgments with the clerk of the circuit court and directs the docketing thereof in the docket of the court in the manner prescribed for docketing circuit court judgments, and provides:

"Every such judgment, from the time of such filing of the transcript thereof, shall be deemed the judgment of the circuit court, be equally under the control thereof and be carried into execution, . . . in the same manner and with like effect

as the judgments thereof, except that no action can be brought upon the same as a judgment of said court nor execution issued thereon after the expiration of the period of the lien thereof on real estate provided by section 2902."

This lien is limited to a period of ten years from the date of the rendition of the judgment. If, then, this action be treated as one on this judgment so docketed in the circuit court, it is obvious that it was not commenced within the period prescribed in the foregoing statute and it was barred after ten years from the date of its rendition. See *Sullivan v. Miles,* 117 Wis. 576, 94 N. W. 298.

From the foregoing it is manifest that the cause of action was barred before suit was commenced, and that the circuit court properly awarded judgment dismissing the complaint.

*By the Court.*—Judgment affirmed.

CASSODAY, C. J., took no part.