MALINOWSKI (NICHOLAS), Respondent, vs. Moss and another, Appellants.

MALINOWSKI (JOSEPH), Respondent, vs. Moss and another, Appellants.

SHOTYSK, Respondent, vs. Moss and another, Appellants.

*May 7—June 18, 1928.*

The cause was submitted for the appellants on the brief of *Richmond, Jackman, Wilkie & Toebaas* of Madison, and for the respondents on that of *T. L. Doyle* of Fond du Lac.

CROWNHART, J. The trial court refused to entertain a motion for a new trial after verdict and judgment, on the ground that he had no jurisdiction to do so under the statute creating the court, ch. 244, Laws of 1921. This statute was before this court in *La Bowe v. Balthazor*, 180 Wis. 419, 193 N. W. 244, where the jury fee was held to be a violation of the constitutional guaranty of jury trial. The statute was thereafter amended (ch. 187, Laws of 1923) to provide for a constitutional jury. The appellants contend that the statute should be construed to give the municipal court power to grant a new trial, but that if it be not so construed, then it should be held unconstitutional in failing to give a

constitutional trial by jury. Under the statute, on appeal to the circuit court that court may grant a new trial in the circuit court within its discretion.

The constitution, art. I, sec. 5, guarantees trial by jury, which means a trial by jury as at common law. *La Bowe v. Balthazor, supra.* Such a trial in civil cases was conducted under the supervision of a judge, having the right and duty to instruct the jury; to direct a verdict or to set the verdict aside in proper cases; and to grant new trials in the exercise of judicial discretion. Unless the statute governing the municipal court of Fond du Lac county be construed to provide for a jury trial, with the necessary incidents thereto at common law, it is void.

Many cases might be cited to this effect. A few will suffice: *Thoe v. C., M. & St. P. R. Co.* 181 Wis. 456, 195 N. W. 407; *In re Opinion of Justices,* 207 Mass. 606, 94 N. E. 846; *Capital T. Co. v. Hof,* 174 U. S. 1, 13, 43 Lawy. Ed. 873, 877, 19 Sup. Ct. 580. In the last case the court said:

" 'Trial by jury,' in the primary and usual sense' of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and impaneled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence. This proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion. Yet there are unequivocal statements of it to be found in the books."

In construing the statute we must keep in mind the rules governing statutory construction. A statute will not be held unconstitutional unless it be clearly so, and courts will

endeavor in every reasonable way to reconcile the statute with the constitution. *State ex rel. Carnation Milk Products Co. v. Emery,* 178 Wis. 147, 189 N. W. 564, and cases there cited. . . .

The act in question, as amended, provides, among other things: that the court as created is a court of record; that the court shall have attributes and exercise functions independent of the person of the magistrate; that it shall have a clerk, a common seal, and a stenographer to take the evidence; that the court shall instruct the jury; that the judge shall have a term of office and a salary; that it shall have jurisdiction in civil cases in amounts up to $1,000; that the judge may be removed from office as provided by the constitution for the removal of judges of the circuit court; that a constitutional jury may be demanded and had in the trial of cases; that the judge and clerk are required to take the constitutional oath; that the court is given extensive jurisdiction in criminal cases, and its processes shall be recognized and in force throughout the state of Wisconsin.'

In 15 Corp. Jur., at pp. 720, 721, it is said:

"A court of record has been defined as a court where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, and which has power to fine and imprison for contempt of its authority; a court that is bound to keep a record of its proceedings, and that may fine or imprison; a court whose proceedings are enrolled for a perpetual memorial and testimony, which rolls are called the records of the court, and are of such high and super-eminent authority that their truth is not to be called in question; a judicial, organized tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of the common law; and a court having a seal."

It will be seen that the municipal court of Fond du Lac county has all of the attributes of a court of record, and in addition thereto it is denominated in the law as a court of

record. It would therefore seem that the legislature intended to give such municipal court jurisdiction to try civil cases by jury with all the incidents pertaining to a constitutional jury trial.

Generally, in courts of record the court is presumed to have the incidents pertaining thereto except as expressly denied by the act creating the court. In Minnesota the constitution provided for the creation of probate courts, which should be courts of record. In *Davis v. Hudson,* 29 Minn. 27, 34, 11 N. W. 136, the court said:

"One effect of this, as held in *Dayton v. Mintzer,* 22 Minn. 393, is to confer upon its records the same characteristic of absolute and uncontrollable verity imported by the records of courts of record in general. The constitutional provision was doubtless enacted in view of the vast importance of the business transacted in probate courts, and the consequent necessity that their proceedings should not only be recorded as a perpetual memorial, but that the records should possess a verity corresponding to the importance of the interests involved. This could be nothing less than a conclusive and indisputable verity—a verity which should make the records unassailable by any collateral attack. This proposition rests upon the same considerations and necessities as the doctrine of the impregnability of the records of what are ordinarily spoken of as courts of superior common-law jurisdiction."

In *Shaffel v. State,* 97 Wis. 377, 72 N. W. 888, this court upheld the Waukesha county municipal court act, ch. 23, Laws of 1895, by a liberal construction of the statutes. This court there said:

"This court is declared to be a court of record, with a clerk and a seal, and is endowed with criminal jurisdiction concurrent with the circuit court in all cases arising in the district, except murder."

The court did not discuss the phrase "declared to be a court of record," but as to other questions raised it gave the act a liberal construction to sustain its constitutionality. It is probable that the same expression is used in other munic-

ipal and inferior court acts. We think the phrase must be given a construction that helps to define its jurisdiction and powers.

In *J. C. Lewis Co. v. Adamski,* 131 Wis. 311, 111 N. W. 495, the court held the municipal court act of Langlade county did not create a court of record because "no provision is made for a clerk of this court, and the provision for a seal does not make it obligatory on the judge to provide one; thus two essentials which are deemed important features of a court of record are omitted." But an examination of that act discloses that it did not declare that court to be a court of record.

So, here, we think it must be said that the municipal court of Fond du Lac county, being a court of record, with all the attributes pertaining thereto at common law, had the power and duty to entertain defendants' motions for a new trial, and to decide the same. In refusing to entertain the motions the court erred, and the defendants did not have a constitutional trial by jury, guaranteed by art. I, sec. 5, Wisconsin constitution.

*By the Court.*—The judgment of the circuit court in each case is reversed, with directions to grant a new trial in the municipal court of Fond du Lac county.