Steven J. ALBRECHTSEN,
Petitioner-Appellant,†

v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT
and Board of Regents of the University of
Wisconsin System, Respondents-Respondents.

Court of Appeals

*No. 2004AP2130. Submitted on briefs February 10, 2005.
—October 13, 2005.*

2005 WI App 241

(Also reported in 708 N.W.2d 1.)

† Petition to review denied 12-14-05.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *David E. Lasker* of *Lasker & Edwards, L.L.C.*, Madison.

On behalf of the respondents-respondents, the cause was submitted on the briefs of *David C. Rice* and *Richard Briles Moriarty*, assistant attorneys general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Vergeront and Deininger, JJ.

¶ 1. DEININGER, J.   Steven Albrechtsen, a University of Wisconsin employee, appeals a circuit court order that affirmed a decision of the Wisconsin Personnel Commission.[1] The Commission concluded that, when Albrechtsen commenced an action in federal

---

[1] When Albrechtsen filed his complaint, and when the Commission dismissed it, WIS. STAT. § 230.85 (2001–02) provided that complaints of violations of the whistleblower statutes were to be filed with the Personnel Commission. After the Commission issued the decision under review, the Commission's responsibilities under § 230.85 were transferred to the Equal Rights Division in the Department of Workforce Development. *See* 2003 Wis. Act 33, §§ 2428–2440. The Commission's decision is thus deemed to have been issued by the department, who is a respondent in this appeal. *See id.*, § 9139(1)(d)2. We refer in this opinion, as the circuit court and the parties have done, to the decision under review as that of the Commission and to the department's arguments as those of the Commission.

court alleging a violation of Wis. Stat. § 230.83(1) (2003–04) (prohibiting retaliation for "whistleblowing"),[2] it lost jurisdiction over his earlier complaint to the Commission alleging the same violation. Albrechtsen claims the Commission erred in so concluding, or, alternatively, that the University either waived its jurisdictional argument or should be estopped from raising it. He also asserts a due process violation and contends the Commission should have allowed him to proceed on an amended complaint. We reject Albrechtsen's contentions and affirm the Commission's ruling.

## BACKGROUND

¶ 2. Wisconsin Stat. ch. 230 provides protections for state employees who engage in "whistleblowing," which is the disclosure of "information gained by the employee which the employee reasonably believes demonstrates . . .[a] violation of any state or federal law, rule or regulation . . .[or] [m]ismanagement or abuse of authority in state or local government, a substantial waste of public funds or a danger to public health and safety." Wis. Stat. §§ 230.80(5), 230.81(1). Specifically, a state employing unit may not "initiate or administer, or threaten to initiate or administer, any retaliatory action against an employee" who "lawfully disclosed information . . . or filed a complaint" alleging a violation of the whistleblower statutes. Wis. Stat. §§ 230.83(1), 230.80(8)(a). "Retaliatory action" means the taking of "disciplinary action" against the employee, § 230.80(8), and "disciplinary action," in turn, means

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

any action taken with respect to an employee which has the effect, in whole or in part, of a penalty, including but not limited to any of the following:

(a) Dismissal, demotion, transfer, removal of any duty assigned to the employee's position, refusal to restore, suspension, reprimand, verbal or physical harassment or reduction in base pay.

(b) Denial of education or training, if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation or other personnel action.

(c) Reassignment.

(d) Failure to increase base pay, except with respect to the determination of a discretionary performance award.

Section 230.80(2).

¶ 3. Albrechtsen filed a complaint with the Personnel Commission in May 1998 alleging that University officials had retaliated against him for activities protected by the whistleblower law. As we describe below, the Commission never reached the merits of Albrechtsen's complaint but dismissed it on jurisdictional grounds. The factual findings in its decision and order deal largely with the procedural history of the administrative proceeding, and Albrechtsen does not dispute the Commission's findings. The following paragraphs summarize the Commission's findings of fact.

¶ 4. Albrechtsen amended his complaint in August 1998 to add allegations of acts of discrimination prohibited by the Wisconsin Fair Employment Act. A Commission investigator found probable cause on some but not all of Albrechtsen's allegations. Albrechtsen, however, informed the Commission in April 2000 that

he intended "to pursue his claims in a court of competent jurisdiction rather than" before the Commission. He asked that the Commission proceedings be stayed. On October 5, 2000, Albrechtsen filed a federal lawsuit asserting violations of his rights under federal civil rights statutes, as well as his state whistleblower law claims. According to the Commission, the "underlying facts concerning complainant's whistleblower claim filed in federal court were the same as the underlying facts concerning complainant's whistleblower complaint" filed with the Commission.

¶ 5. The University advised the Commission by letter dated November 20, 2000, that it did not object to the Commission "holding this matter in abeyance pending the disposition of complainant's" federal lawsuit. Ten days later, the Commission advised the parties that, there being no objection, Albrechtsen's request to hold the administrative proceeding "in abeyance" pending the disposition of the litigation in federal court was granted.

¶ 6. The University moved the federal court in April 2001 to dismiss Albrechtsen's state-law whistleblower claims on the grounds that the administrative proceeding before the Commission was the exclusive means of pursuing violations of Wis. Stat. §§ 230.80 through 230.89. Albrechtsen responded to the motion by acknowledging "that his claims . . . for unlawful discrimination and retaliation for his whistleblowing are not within the jurisdiction of this court." Albrechtsen further noted that his whistleblower claims were "currently pending" before the Commission, but were being held in abeyance, and he asked the federal court to dismiss those claims without prejudice. The court, on the basis of the University's arguments and Albrechtsen's "concessions," dismissed the whistleblower claims without prejudice.

¶ 7. In August 2002, Albrechtsen advised the Commission and the University that he wished to resume the adjudication of his whistleblower claims before the Commission. The University responded in September 2002 with a motion to dismiss for lack of jurisdiction. The Commission concluded that, although it initially had subject matter jurisdiction over Albrechtsen's complaint pursuant to Wis. Stat. § 230.85(1), its "subject matter jurisdiction has been nullified by the operation of [Wis. Stat. §] 230.88(2)(c)" after Albrechtsen filed his federal lawsuit alleging violations of § 230.83(1). Accordingly, the Commission dismissed the case and Albrechtsen sought judicial review in the Dane County Circuit Court. The circuit court affirmed the Commission's decision and Albrechtsen appeals.

## ANALYSIS

¶ 8. Our review is of the Commission's decision, not the circuit court's order affirming it. *See Barnes v. DNR*, 178 Wis. 2d 290, 302, 506 N.W.2d 155 (Ct. App. 1993). The threshold question in this appeal, as in many involving the review of agency determinations, is what level of deference, if any, are we to accord the Commission's interpretation and application of Wis. Stat. § 230.88(2)(c)? The parties agree that our review is de novo because the decision under review addresses the Commission's subject matter jurisdiction, a topic on which we owe the Commission's decision no deference. We concur and proceed to consider de novo whether the Commission lost jurisdiction over Albrechtsen's complaint when he filed a federal lawsuit alleging a violation of the Wisconsin whistleblower statutes. *See Wisconsin Bell, Inc. v. Public Serv. Comm'n*, 2004 WI App

223, ¶ 15, 277 Wis. 2d 729, 691 N.W.2d 697 ("Where an agency's decision involves the nature and scope of its own authority and jurisdiction, a question of law, we review its decision de novo.").

¶ 9. WISCONSIN STAT. § 230.88(2)(c) provides that, "[n]o later than 10 days before the specified time of hearing" on a whistleblower complaint under WIS. STAT. § 230.85,

> an employee shall notify the [Commission (now the "division of equal rights," see footnote 1)] orally or in writing if he or she has commenced or will commence an action in a court of record alleging matters prohibited under s. 230.83(1). If the employee does not substantially comply with this requirement, the division of equal rights may assess against the employee any costs attributable to the failure to notify. Failure to notify the division of equal rights does not affect a court's jurisdiction to proceed with the action. *Upon commencement of such an action in a court of record, the [Commission] has no jurisdiction to process a complaint filed under s. 230.85 except to dismiss the complaint and, if appropriate, to assess costs under this paragraph.*

Section 230.88(2)(c) (emphasis added).

¶ 10. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, 45, 271 Wis. 2d 633, 681 N.W.2d 110. The Commission and the University contend that the plain meaning of the statutory language emphasized above can lead to no other conclusion but that the Commission lost its subject matter jurisdiction over Albrechtsen's whistleblower complaint once he

153

filed an action in the federal district court that included allegations of state whistleblower violations. We agree.

¶ 11.   Albrechtsen does not dispute that he "commenced an action" in the U.S. District Court for the Western District of Wisconsin on October 5, 2000, in which he alleged the following in his complaint:   "The wrongful actions of all the defendants have subjected the plaintiff to unlawful discrimination and retaliation for whistleblowing, contrary to 230.80 to 230.89, Wis. Stats." The Commission found, and Albrechtsen does not dispute, that the events and actions allegedly constituting retaliation as described in his administrative complaint were also the basis of his state whistleblower claims in the federal suit.

¶ 12.   Thus, if the U.S. District Court for the Western District of Wisconsin is a "court of record," the provisions of WIS. STAT. § 230.88(2)(c) are implicated. Albrechtsen does not dispute that the federal district court is a "court of record."[3] Rather, he argues that the

---

[3] The supreme court has defined a "court of record" as follows:

> A court of record has been defined as a court where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, and which has power to fine and imprison for contempt of its authority; a court that is bound to keep a record of its proceedings, and that may fine or imprison; a court whose proceedings are enrolled for a perpetual memorial and testimony, which rolls are called the records of the court, and are of such high and super-eminent authority that their truth is not to be called in question; a judicial, organized tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of the common law; and a court having a seal.

*Malinowski v. Moss*, 196 Wis. 292, 296, 220 N.W. 197 (1928).

commencement of an action in a "court of record" does not cause the Commission to lose jurisdiction unless that court is also a "court of competent jurisdiction." Albrechtsen contends that his proffered interpretation "is necessary in order to interpret and apply the statute in a manner consistent with the obvious intent of the Legislature and purpose of the anti-retaliation statutes." We reject Albrechtsen's interpretation because it does not comport with the plain language of the statute. The legislature must be deemed to have intended what the clear import of the words it chooses convey, *see Kalal*, 271 Wis. 2d 633, 44, and the legislature knows how to refer to "a court of competent jurisdiction" when that is what it intends. *See, e.g.,* Wis. Stat. § 100.20(5) (authorizing persons who suffer "pecuniary loss" because of trade regulation violations to "sue for damages . . . in any court of competent jurisdiction").

¶ 13.   Albrechtsen also argues that, when the Commission agreed to hold the administrative proceedings "in abeyance" after he commenced the federal court action, the Commission implicitly ruled that its subject matter jurisdiction over his complaint would continue. Albrechtsen further asserts that this then became "the law of the case" that "superceded. the provisions of § 230.8[8](2)(c)" and the Commission could not thereafter rule otherwise. Albrechtsen supports this argument with a single citation to *Haase v. R & P Indus. Chimney Repair Co., Inc.*, 140 Wis. 2d 187, 191–92, 409 N.W.2d 423 (Ct. App. 1987), where we said this:   " 'When an issue of fact or law is actually litigated, and determined by a valid and final judgment, the determination is conclusive' " (citing *Landess v. Schmidt*, 115 Wis. 2d 186, 197, 340 N.W.2d 213 (Ct. App. 1983)).

155

¶ 14. We reject Albrechtsen's law of the case argument for several reasons. First, in the cited passage from *Haase* that he offers in support, we were discussing the concept of issue preclusion, not "law of the case," as our cited source plainly reveals. *See Landess*, 115 Wis. 2d at 197 (discussing "collateral estoppel" (now issue preclusion)). Next, we note that the Commission's decision to stay the administrative proceeding was discretionary and premised solely on the lack of objection from the University, not on a legal conclusion by the Commission that it continued to have subject matter jurisdiction after Albrechtsen commenced his federal lawsuit. The jurisdictional issue was neither raised nor decided at that time. *See State v. Stuart*, 2003 WI 73, ¶¶ 23–26, 262 Wis. 2d 620, 664 N.W.2d 82 (noting that, generally, the "law of the case" doctrine applies only to legal rulings, not discretionary decisions).

¶ 15. Finally, and perhaps most important, even if the Commission had expressly concluded in November 2000 that it had continuing jurisdiction over Albrechtsen's complaint despite his commencement of a court action alleging the same State law violations, when the Commission recognized in July 2003 that Albrechtsen's court action had caused it to lose jurisdiction, it had no choice but to dismiss the administrative proceeding. The statute could not be plainer as to the effect of Albrechtsen's filing his federal action on October 5, 2000: "Upon commencement of such an action in a court of record, the [Commission] has no jurisdiction to process a complaint filed under s. 230.85 except to dismiss the complaint . . . ." WIS. STAT. § 230.88(2)(c). Thus, the Commission lost jurisdiction as of October 5, 2000, and it thereafter lacked the power to take any actions in the matter "except to dismiss the complaint." This means that the Commission's order in November

156

2000, holding the administrative proceeding "in abeyance," was of no effect because the Commission, having lost jurisdiction, lacked the authority in November 2000 to do anything other than dismiss Albrechtsen's complaint. *Cf. State ex rel. R.G. v. W.M.B.*, 159 Wis. 2d 662, 666, 465 N.W.2d 221 (Ct. App. 1990) ("A judgment is void if the court rendering it lacked subject matter jurisdiction.").

¶ 16.  Albrechtsen next makes an intricate, but ultimately flawed, argument as follows:  According to Albrechtsen, WIS. STAT. § 230.88(2)(c) should be read to permit the Commission to do what it did in November 2000, because, after Albrechtsen commenced his federal lawsuit and all during its pendency, the Commission did *not* "process" his complaint. Instead, further "processing" of his administrative complaint was "in abeyance" during the pendency of the federal litigation and would not have resumed until the federal litigation ended. Thus, in Albrechtsen's view, the asserted purpose of WIS. STAT. § 230.88(2)(c) was served because the court litigation and the administrative processing of his whistleblowing allegations never proceeded simultaneously, and, therefore, "the Commission properly could exercise jurisdiction after it was no longer vested in a court of record." This is, essentially, the position adopted by the Dissent.

¶ 17.  We reject Albrechtsen's (and the Dissent's) suggestion that subject matter jurisdiction can be switched "on and off" at will, or that WIS. STAT. § 230.88(2)(c) permits jurisdiction to be initially possessed by the Commission, lost to the federal court and then regained by the Commission when the federal litigation ended.  As we have discussed, under § 230.88(2)(c), when Albrechtsen filed his federal action, the Commission lost jurisdiction and thereafter

157

lacked the power to do anything other than dismiss the administrative proceeding. The statute does not say or even suggest that the Commission can stay its proceeding on a whistleblower complaint in deference to a parallel court action, and then resume the processing of the complaint once the court action has ended. Rather, the statute expressly and permanently ends all administrative processing of the complaint, regardless of the outcome in the alternative court forum. In short, the Commission lost all power to adjudicate Albrechtsen's complaint on October 5, 2000, and nothing in § 230.88(2)(c) permits the Commission's jurisdiction to be resurrected at a later time.

¶ 18. Albrechtsen next argues that the Commission's action in dismissing his complaint without reaching the merits resulted in a violation of his constitutional right to due process. Specifically, Albrechtsen claims that he was deprived of his "right to be heard" regarding the merits of his allegations that the University violated rights conferred on him by the whistleblower statutes. After his initial statement of the argument in conclusory terms, however, Albrechtsen provides no authority for the proposition that an administrative body's dismissal of a claimed violation of state law for lack of jurisdiction constitutes an impermissible denial of the right to be heard. Instead, he proceeds with a discussion of why he (and the University) believe that the Commission erred in concluding that his state whistleblower claims could be pursued in federal court, a question we need not decide, as we discuss below.

¶ 19. As for the undeveloped constitutional claim, we agree with the University that Albrechtsen was not denied his due process rights to "notice and [the] opportunity for hearing" regarding the Commission's

158

disposition of his claim. *See Waste Mgmt. of Wis., Inc. v. DNR*, 128 Wis. 2d 59, 78, 381 N.W.2d 318 (1986). Albrechtsen was notified by the University's motion of its request for dismissal on jurisdictional grounds, he was given the opportunity to respond with written arguments as to why the motion should be denied, and he did so respond. The Commission then issued a written decision explaining its rationale for dismissing the proceeding. Albrechtsen has since availed himself of the opportunity for judicial review of the Commission's action and for appellate review of the circuit court's affirmance. *See id.* at 80–81. In short, the requirements of due process were amply met on this record. We are not aware of a constitutional right to have the merits of one's claim adjudicated before a tribunal when the tribunal, by statute, lacks the power to proceed.

¶ 20. We turn next to Albrechtsen's argument that an administrative proceeding under Wis. Stat. § 230.85 is the exclusive remedy for alleged violations of Wis. Stat. § 230.83(1), and the Commission therefore erred when it concluded otherwise. The University also espouses this position. As we have described, the University moved to dismiss the whistleblower claims from the federal suit on the ground that the state administrative remedy was exclusive, a position to which Albrechtsen acceded. The Commission concluded that the parties and the federal court were wrong in believing that Albrechtsen could not pursue a judicial remedy for his whistleblower claims. We conclude it is unnecessary for us to decide the issue.[4]

_____

[4] Although the University first asks us to resolve this "important . . . interim issue," it acknowledges later in its brief that we "need not determine whether the federal court had

¶ 21. Albrechtsen does not explain how or why the Commission's conclusion on the exclusive jurisdiction issue renders erroneous its conclusion that it lost jurisdiction under Wis. Stat. § 230.88(2)(c) when Albrechtsen commenced his federal action. Although the University agrees with Albrechtsen that the Commission erred in concluding that an administrative proceeding under § 230.85 is not the exclusive remedy for an alleged violation of § 230.83(1), it maintains that the error was "harmless" and does not detract from the correctness of the Commission's decision on its jurisdiction. We agree in part with the University's analysis: the Commission's conclusion on the exclusive remedy issue is unrelated and unnecessary to its resolution of the jurisdictional question posed by § 230.88(2)(c). Moreover, the issue is not properly before us in this judicial review of the Commission's decision to terminate the § 230.85 administrative proceeding. Whether the administrative proceeding was the exclusive remedy for Albrechtsen's alleged violation of § 230.83(1) was a matter for the court in which Albrechtsen filed his parallel action to decide. We have no power to affect the resolution of that question in the federal court action.[5]

jurisdiction over . . . the whistleblower . . . claims that Albrechtsen pled." We agree with the University's second position—that we need not determine who was right on this issue.

[5] We note that, in discussing the "exclusive remedy" issue, both parties point to Wis. Stat. § 895.65, which the Commission also cited in its ruling. That statute provides in part as follows:

An employee may bring an action in circuit court against his or her employer or employer's agent, including this state, if the employer or employer's agent retaliates, by engaging in a disciplinary action, against the employee because the employee exercised his or her rights under the first amendment to the U.S. constitution or

160

¶ 22.    Albrechtsen next argues that the University, by informing the Commission that it had "no objection" to holding the Commission proceeding in abeyance while he pursued his claims in federal court, waived the jurisdictional argument it made in support of its motion

article I, section 3, of the Wisconsin constitution by lawfully disclosing information or because the employer or employer's agent believes the employee so exercised his or her rights.

Section 895.65(2). Although § 895.65 makes no cross-reference to Wis. Stat. § 230.80–230.89, the definitions of "employee" and "information" it employs are virtually identical to those set forth in § 230.80. *See* §§ 230.80(3) and (5), 895.65(1)(b) and (d). The Commission concluded that the existence of § 895.65 supports its conclusion that the reference to "an action in a court of record" in § 230.88(2)(c) means that the legislature intended to permit judicial avenues of relief, as well as the administrative one, for persons seeking to enforce the whistle-blower statutes.

The University's position is that § 895.65 provides the only avenue for raising whistleblower claims in court, and that Albrechtsen could have salvaged his federal claim by amending his complaint to allege a violation of § 895.65(2) instead of a violation of 230.83(1). Albrechtsen asserts, however, that he could *not* have alleged a § 895.65 violation because the adverse actions taken against him (withholding merit pay increases and not scheduling his classes) were not "disciplinary actions" as required under § 895.65, thereby requiring him to allege "retaliatory action" only under Wis. Stat. § 230.83(1). (Albrechtsen's argument ignores the fact that "retaliatory action" is expressly defined to mean "a disciplinary action," *see* § 230.80(8), and that both § 895.65(1)(a) and § 230.80(2) define "disciplinary action" to mean "any action taken with respect to an employee which has the effect, in whole or in part, of a penalty.") In any event, as we have explained, a resolution of the interrelationship of §§ 230.80–230.89 and § 895.65 is not necessary to our disposition of this appeal, and we decline to discuss it further.

161

to dismiss the Commission proceeding. We agree with the Commission, however, that parties cannot confer subject matter jurisdiction on a tribunal "by their waiver or consent." *See Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 84 Wis. 2d 504, 515, 267 N.W.2d 609 (1978). An administrative agency "has only those powers which are expressly conferred or which are fairly implied from the statutes under which it operates." *Peterson v. Natural Res. Bd.*, 94 Wis. 2d 587, 592, 288 N.W.2d 845 (1980). The legislature expressly withdrew the power of the Commission to adjudicate Albrechtsen's whistleblower claims once he filed an action alleging those claims in a court of record. *See* Wis. Stat. § 230.88(2)(c). Nothing the University did or did not do during the administrative proceeding before the Commission could result in the Commission's acquiring a power expressly denied it by statute.

¶ 23. The foregoing rationale effectively disposes of Albrechtsen's estoppel arguments as well. *See Environmental Decade*, 84 Wis. 2d at 515–16 ("Nor can subject matter jurisdiction be conferred by estoppel."). Albrechtsen contends that the Commission should be equitably estopped from concluding, and the University equitably and judicially estopped from arguing, that the Commission lost jurisdiction over his complaint. Albrechtsen claims that he reasonably relied to his detriment on the University's failure to object and the Commission's granting of his request to hold the Commission proceedings in abeyance during the pendency of his federal court action. We note, however, that Albrechtsen filed his federal action on October 5, 2000, *before* the University told the Commission it did not object to holding the administrative proceeding in abeyance (November 20, 2000) and before the Commission granted the request (November 30, 2000).

162

Thus, even if a lack of subject matter jurisdiction could be cured by a claim of estoppel, we agree with the Commission's determination that the record establishes Albrechtsen could not have reasonably relied on either its or the University's actions when he commenced his federal action.

¶ 24. As for the judicial estoppel claim, it, too, fails for multiple reasons. Albrechtsen claims the University should not be permitted to argue in this action that the administrative proceeding must be dismissed for lack of jurisdiction after arguing in the federal court that the administrative proceeding was the exclusive remedy for his whistleblower claims. Again, however, even if judicial estoppel could cure the Commission's loss of jurisdiction upon Albrechtsen's commencement of his federal action (which, as we have explained, it cannot), the University's positions are not "irreconcilably inconsistent" with one another. *See State v. Petty*, 201 Wis. 2d 337, 353, 548 N.W.2d 817 (1996). Although we do not address the University's arguments on this point, it continues to maintain that allegations of a violation of Wis. Stat. § 230.83(1) may be brought only in an administrative proceeding under § 230.85, while the underlying facts may permit a claim to also be pled in a judicial forum under Wis. Stat. § 895.65. Because Albrechtsen pled only the former statute in his federal suit, the University contends that both the federal suit and the administrative proceeding were properly dismissed. Regardless of whether the University's position has merit, its arguments in support of its motions to dismiss both actions are not irreconcilably inconsistent.

¶ 25. Finally, we note that Albrechtsen also claims the Commission erred in refusing to allow him to file an amended complaint that he tendered in July 2003, just

163

before the Commission ruled on the University's motion to dismiss the administrative proceeding. He essentially concedes, however, that if we conclude the Commission lost jurisdiction over Albrechtsen's whistleblower claims, we cannot direct it to accept the amended complaint. Because we conclude that jurisdiction was lost, we do not address whether the Commission should have considered Albrechtsen's amended complaint.

## CONCLUSION

¶ 26. For the reasons discussed above, we affirm the appealed order.

*By the Court.*—Order affirmed.

¶ 27. VERGERONT, J. (*dissenting*). I do not agree with the majority that the meaning of WIS. STAT. § 230.88(2)(c)[1] is plain when applied to the facts of this case. I agree that there is no ambiguity if one focuses on the time when Albrechtsen filed the federal court action: the language plainly required the Commission to dismiss Albrechtsen's complaint. However, due to the parties', and perhaps the Commission's, misunderstanding of this requirement, that is not what occurred. Thus, at the time the Commission first actually addressed the meaning of § 230.88(2)(c), there was no WIS. STAT. § 230.83(1) claim pending in the federal court action, it had not been adjudicated in that action, and it was clearly not going to be adjudicated in that action. In my view, the proper way to frame the statutory construction issue presented on the facts of this case is to ask: if the Commission had dismissed Albrechtsen's claim when it should have, would the statute have permitted the Commission to vacate that dismissal

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

164

order after the dismissal in the federal action? I conclude that the language of § 230.88(2)(c) does not plainly answer this question. Generally, administrative agencies have the authority to vacate orders they have entered, and there is no express prohibition in § 230.88(2)(c) on vacating a dismissal order entered under this subsection.

¶ 28. In construing the meaning of statutory language we consider the purpose of the statute insofar as it is ascertainable from the text and structure of the statute itself as expressed in the text. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 48, 271 Wis. 2d 633, 681 N.W.2d 110. The evident purpose of the requirement that the Commission dismiss the complaint "upon commencement of such action in a court of record" is to avoid the Commission adjudicating a claim that is going to be adjudicated in court. The requirement that, at least ten days before the Commission hearing, the employee notify the Commission that the employee either has or will file a court action and the assessment of costs for failure to do so both further this purpose: they minimize the chances that the Commission will incur expenses in adjudicating a claim that is going to be adjudicated in a court action.

¶ 29. When, as here, a claim "alleging matters prohibited under s. 230.83(1)" is dismissed in the court action before adjudication in that forum because the parties believe that it must be adjudicated by the Commission, no duplication occurs if the Commission vacates its earlier dismissal order and adjudicates the claim. Indeed, if the Commission does not do so, the employee never has his or her claim adjudicated at all. That is inconsistent with the express policy behind Wis. Stat. §§ 230.80–230.88: "to encourage disclosure of information [as defined in those sections] and to ensure

165

that any employee employed by a governmental unit is protected from retaliatory action for disclosing information under [those sections]." Wis. Stat. § 230.01(2). The legislature has expressly directed that we construe Wis. Stat. ch. 230 "liberally in aid of the purposes declared in s. 230.01." Wis. Stat. § 230.02. I therefore conclude that, had the Commission dismissed Albrechtsen's claim when he filed the federal action, the Commission would have had the authority to vacate that order after dismissal of the § 230.83(1) claim in the federal action.

¶ 30.  Because in my view the Commission would have had the authority to vacate the dismissal order that it should have entered and to adjudicate Albrechtsen's claim, I see no reason that it does not have the authority to adjudicate Albrechtsen's claim after having ordered the claim held in abeyance rather than dismissing it. For the reasons I have explained in the preceding paragraphs, I conclude Wis. Stat. § 230.88(2)(c) does not prevent the Commission from doing so. Thus, I conclude the Commission erred in deciding that it was required by § 230.88(2)(c) to dismiss Albrechtsen's claim now.

¶ 31.  I recognize that a conclusion that the Commission has the authority to adjudicate Albrechtsen's claim is not the same as a requirement that it do so. That is, in the context of a motion to vacate a dismissal order entered under Wis. Stat. § 230.88(2)(c), there may be reasons why the Commission could properly deny a motion to vacate a dismissal order even though it had the authority to vacate that order. However, in this case, the only reason the Commission dismissed Albrechtsen's claim rather than proceeding to adjudicate it was its decision that it was required to do so by § 230.88(2)(c). The Board of Regents did not argue before the Commission that there would have been unfairness to it if the

166

Commission had adjudicated Albrechtsen's claim at that time; and I see nothing in the record that would provide a reasonable basis for the Commission to decide not to adjudicate Albrechtsen's claim, given that, in my view, it has the authority to do so. Therefore, I would reverse the circuit court's order affirming the Commission's dismissal order and direct the circuit court to remand to the Commission for an adjudication of Albrechtsen's claim. Accordingly, I respectfully dissent.[2]

[2] I agree with the majority that it is not necessary to decide whether the Board of Regents is correct that the Commission is the exclusive forum for resolving Albrechtsen's claim that his rights under Wis. Stat. § 230.83(1) were violated. However, it appears to me that the Board's disagreement with the Commission on this point is more a matter of semantics than anything else. As I understand the Commission's statements on this point, it views Wis. Stat. § 895.65 as the vehicle for filing a claim in court on "matters prohibited under s. 230.83(1)." Wis. Stat. § 230.88(2)(c). Thus I understand the Commission to mean that the administrative remedy in Wis. Stat. § 230.85 (and judicial review of the Commission's decision under Wis. Stat. § 230.87) is not exclusive in the sense that a court action under § 895.65 provides a remedy for the violation of essentially the same rights as protected by § 230.83(1). I do not understand in what meaningful way this differs from the Board of Regents' position.