STATE of Wisconsin DEPARTMENT OF JUSTICE,
Petitioner-Respondent,

v.

STATE of Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Respondent,

Joell SCHIGUR, Respondent-Appellant.†

Court of Appeals

*No. 2013AP1488. Submitted on briefs January 21, 2014.
—Decided February 5, 2015*

2015 WI App 22

(Also reported in 861 N.W.2d 789.)

† Petition for Review granted June 12, 2015.

196

 

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Peter J. Fox* of *Fox & Fox, S.C.*, Monona.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Steven C. Kilpatrick*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Blanchard, P.J., Lundsten and Sherman, JJ.

¶ 1. SHERMAN, J. Joell Schigur appeals a circuit court order reversing a decision by the Equal Rights Division (ERD) of the Department of Workforce Development (DWD) that the Department of Justice (DOJ) violated her rights under WIS. STAT. § 230.83,[1] one of Wisconsin's whistleblowing protection statutes, when DOJ terminated Schigur's probation as a Bureau Director for DOJ and returned Schigur to her former position within DOJ. DOJ argues that Schigur did not disclose "information" within the meaning of the statutory scheme at issue here and, therefore, any action taken by DOJ with regard to Schigur's probation was not in violation of § 230.83. For the reasons discussed below, we affirm.

## BACKGROUND

¶ 2. The following facts are undisputed. In May 2006, Schigur, a "special agent in-charge" within DOJ's Division of Criminal Investigation, was promoted to the position of Public Integrity Director. Schigur's

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

promotion was subject to a two-year probationary period, during which the employee is evaluated by his or her supervisor to determine if the employee is "effectively able to carry out the assigned duties and responsibilities on a continuing basis." *See* Wis. Admin. Code § ER-MRS 13.015 (June 2005). In September 2006, November 2006, February 2007, June 2007, August 2007, November 2007 and February 2008, Schigur received positive performance reviews for her work as the Public Integrity Director. James Warren, the then division administrator for the Division of Criminal Investigation and, therefore, Schigur's supervisor, completed all but the February 2008 review, which was completed by Warren's successor, Mike Myszewski. In Schigur's February 2008 review, Myszewski commented that Schigur "continues to do an outstanding job" and he "recommend[ed] that [she] be removed from probation and receive permanent status as a director." Myszewski also recommended in a memorandum to DOJ's director of human resource services that Schigur's probation be ended early. Myszewski stated in his memo that Schigur had "completed 21 months of a 24–month probation," that Schigur had "met the requirements [for] being a successful bureau director," and that "keeping her on probation for three more months [was] not necessary." Despite Myszewski's recommendation, Schigur's probation was not ended.

¶ 3. In April 2008, Schigur was made aware that Wisconsin's Attorney General, J.B. Van Hollen, would be attending the 2008 National Republican Convention in St. Paul, Minnesota, and that the Division of Criminal Investigation planned to send agents with the Attorney General to provide twenty-four hour security for him. On April 21, Schigur sent an email to

her supervisor, Myszewski, in which she expressed concern about the Division of Criminal Investigation providing security for the Attorney General at the Convention. Schigur's email stated in relevant part:

> I am concerned that providing state resources to the Attorney General while he participates in a political activity off duty may violate OSER regulations and state law. I am expressing this concern in hopes that this decision will be further evaluated to avoid possible scrutiny of our Attorney General, our agency and our special agents.

Schigur referenced Office of State Employee Relations bulletin OSER-0053–MRS subsection 6(h), which she stated "clarified permissible political activities for state employees."

¶ 4. Myszewski responded:

> I have read both your email and the attached OSER bulletin with great interest. Thank you for calling my attention to your concerns about the potential of improper political activity by our agent(s) who will provide security for the Attorney General at the [Republican National Convention] . . . . I will forward your concerns up the chain of command so that they can be evaluated.

> However, I do not think that an on duty [Division of Criminal Investigation] agent who is protecting the Attorney General at a political event, at which certain groups have threatened to violently disrupt, constitutes political activity on the part of an agent.

¶ 5. Schigur in turn responded: "To clarify, the concern is not regarding agents participating in political activity; rather can state resources be used by the [Attorney General] at a political event where he is not representing DOJ, rather the Republican Party . . . ."

201

¶ 6. In May 2008, another performance evaluation was completed on Schigur. In this evaluation, it was recommended that Schigur's probation be terminated. The evaluation stated that Schigur did not meet the standard for directing and supervising the Unit in accordance with Department and Division policies and procedures. On May 21, Schigur was informed that she did not complete her probationary period and she was returned to her former position as a special agent in-charge.

¶ 7. In July 2008, Schigur filed a complaint with ERD, alleging that the termination of her probation was in retaliation for her April 2008 emails concerning the planned security detail for the Attorney General while he attended the Republican National Convention and, therefore, that the termination of her probation was in violation of WIS. STAT. § 230.83. *See* WIS. STAT. § 230.85(1) (pertaining to filing complaints with ERD alleging a violation of § 230.83). ERD determined that probable cause existed to believe retaliatory action occurred and certified the matter for a hearing before an ERD Administrative Law Judge (ALJ).

¶ 8. Following a hearing on Schigur's complaint, the ALJ issued a "non-final decision," wherein the ALJ concluded that Schigur disclosed "information" as that term is used to define the word "retaliat[ion]" in WIS. STAT. § 230.83, that Schigur's disclosure of that information was a factor in DOJ's decision to terminate Schigur's probation and reappoint her to her former position, and, therefore, that DOJ violated § 230.83. In July 2011, DOJ filed a "motion for reconsideration" of the ALJ's April decision. Relevant to the present appeal, DOJ argued for the first time that Schigur had not disclosed "information" as that word is used in the statutory scheme. In a letter to the ALJ dated July 6,

2011, Schigur's attorney challenged DOJ's right to seek reconsideration of the ALJ's April 2011 decision, arguing there is no authority, statutory or otherwise, for a party to seek reconsideration of a non-final decision by an Equal Rights Division ALJ.[2] In an August 2011 email, the ALJ informally ruled that DOJ's reconsideration should be denied. The ALJ formalized her ruling in September 2011. The ALJ determined that she had authority to reconsider a non-final decision, but she denied DOJ's motion, stating the issues raised in the motion "are best addressed on appeal after [the ALJ] issu[ed] the [f]inal . . . [o]rder."

¶ 9. A remedy hearing was subsequently held in October 2011, after which a second "non-final decision" was issued, wherein Schigur's remedy was delineated. In April 2012, ERD notified the parties that "[a] decision finding that discrimination has occurred will be issued," but that the decision, a copy of which was attached, was not yet final for purposes of appeal because the issue of attorney's fees and costs had not yet been resolved. The parties subsequently reached an agreement on attorney's fees and costs and thereafter, ERD issued a final decision, wherein ERD determined that DOJ violated Wis. Stat. § 230.83(b) when DOJ terminated Schigur's probation, and specified Schigur's damages.

¶ 10. DOJ petitioned the circuit court for review of the ALJ's decision.[3] The circuit court reversed, concluding that ERD erred. Contrary to ERD's deci-

---

[2] Schigur's attorney requested permission to submit a brief in response to DOJ's motion in the event the ALJ considered the motion. However, there is no indication in the record before us that Schigur did so.

[3] Wisconsin Stat. § 230.87 authorizes judicial review of findings and orders of ERD.

sion, the circuit court concluded that Schigur had not disclosed "information" in the emails at issue and, therefore, that Schigur was not entitled to protection from retaliation under Wis. Stat. § 230.83. Schigur appeals.

## DISCUSSION

¶ 11. Schigur appeals the circuit court order reversing the determination by ERD that DOJ retaliated against Schigur's rights under Wis. Stat. § 230.83 when DOJ terminated Schigur's probation. Schigur contends that the circuit court erred in determining that she did not disclose "information" as that term is used to define the term "retaliatory action" in § 230.83. Schigur argues first that DOJ forfeited the right to challenge whether her disclosure contained "information" and because that issue was forfeited, the circuit court should not have reached that issue on review of ERD's decision. Schigur also argues that, even if the issue of whether her disclosure contained "information" was not forfeited by DOJ, or is to be addressed regardless of forfeiture, the circuit court erred in determining that she did not disclose "information" in her April 2008 emails.

¶ 12. Before we address the merits of Schigur's arguments, we first address the threshold question of our standard of review in this case.

### A. Standard of Review

¶ 13. When the decision of an administrative agency is at issue on appeal, we review the agency's decision and not the circuit court's decision. *See Kozich*

*v. Employee Trust Funds Bd.*, 203 Wis. 2d 363, 368–69, 553 N.W.2d 830 (Ct. App. 1996). An agency's factual findings will be upheld so long as those findings are supported by substantial evidence. *Hutson v. Wisconsin Pers. Comm'n*, 2003 WI 97, ¶ 29, 263 Wis. 2d 612, 665 N.W.2d 212. When the interpretation of a statute is at issue, as it is in this case, that is a question of law that we review de novo. *State v. Cole*, 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432. However, appellate courts have generally applied one of three levels of deference to the agency's interpretation, as well as the agency's legal conclusions: great weight, due weight, or no weight. *Hutson,* 263 Wis. 2d 612, ¶ 31.

¶ 14. Schigur argues that ERD's decision should be afforded due weight deference because ERD "is charged with enforcing the [Act] under WIS. STAT. § 230.85 and has experience doing so." DOJ, on the other hand, argues that the decision should be afforded no deference because ERD's interpretation of the Act was one of first impression and because ERD's interpretation "ignore[d] the plain meaning of the statutes."

¶ 15. As explained in greater detail below, the questions before us on appeal are: (1) whether Schigur's April 2008 emails contained "information" as that term is used to define the term "retaliatory action" in WIS. STAT. § 230.83; and (2) whether DOJ has forfeited the right to argue that the emails did not contain the right kind of information. Neither of these issues was reached by the ALJ[4] and, therefore, there is no decision

[4] As we explained above in ¶ 8, the parties had not raised the issue of whether Schigur's April 2008 emails constituted the disclosure of "information" prior to the issuance of the

205

below to which we might afford due weight deference. Accordingly, we review the matter de novo.

## B. Forfeiture

■

¶ 16. Schigur contends that any argument by DOJ that she did not disclose "information" within the pertinent statutory scheme was forfeited by DOJ because DOJ did not timely raise the issue before the ALJ. Schigur points out that DOJ did not raise the issue of whether she disclosed "information" until after the ALJ issued the "non-final" decision on liability, and that the ALJ did not have authority to reconsider.[5] Schigur argues that because the issue was forfeited by DOJ, the circuit court should not have addressed that issue, nor should we on appeal.

¶ 17. DOJ argues that it timely raised its "information" argument because the ALJ still had jurisdiction over the matter when the issue was raised in DOJ's motion for reconsideration and, thus, the ALJ still had the authority to reconsider her decision. We do not reach the question of whether the ALJ had

ALJ's "non-final" April 2011 decision. Following that decision, the State moved the ALJ to reconsider her "non-final" decision, arguing Schigur had not disclosed "information." The ALJ denied the State's motion, but declined to address the issue of whether "information" was disclosed because that issue was "best addressed on appeal."

[5] Schigur asserts that "[t]he ALJ properly refused to consider [DOJ's] [m]otion for [r]econsideration." Schigur misconstrues the ALJ's decision. The ALJ rejected Schigur's argument below that the ALJ did not have authority to consider DOJ's motion, stating: "I do believe, contrary to [Schigur's] position, that I have authority to reconsider my Decision on Liability at this point, given that I issued a Non-final Decision in this matter."

authority to consider DOJ's argument because, as we explain below, we choose to address the issue regardless of the forfeiture of the issue.

¶ 18. "It is settled law that to preserve an issue for judicial review, a party must raise it before the administrative agency." *Bunker v. LIRC*, 2002 WI App 216, ¶ 15, 257 Wis. 2d 255, 650 N.W.2d 864. Because our review of an administrative agency's decision contemplates review of the record developed before the agency, a party's failure to properly raise an issue before the administrative agency generally forfeits the right to raise that issue before a reviewing court. *Id.* The forfeiture rule is one of judicial administration, however, and a reviewing court has inherent authority to consider issues that were not properly preserved. *Id.*; *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 17, 273 Wis. 2d 76, 681 N.W.2d 190.

¶ 19. The supreme court has stated that "[w]hen [a forfeited] issue involves a question of law rather than of fact, when the question of law has been briefed by both parties and when the question of law is of sufficient public interest to merit a decision," it is appropriate for an appellate court to exercise its discretion and address an otherwise forfeited issue. *Apex Elecs. Corp. v. Gee*, 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998).

¶ 20. Assuming DOJ forfeited its "information" argument, Schigur asserts that we should not exercise our discretion to consider DOJ's argument that Schigur did not disclose "information" because that argument "is not exclusively a legal argument." We understand Schigur to be arguing that the determination of whether her emails contained "information" entails the consideration of whether she and/or DOJ

believed that she was, in those emails, disclosing "information," which is a factual question. We disagree.

¶ 21. As will be more fully explained below, we are able to resolve this appeal on a purely legal basis. In addition, both parties have fully briefed the issue of whether Schigur disclosed "information." Accordingly, assuming without deciding that DOJ forfeited its "information" argument, we choose to exercise our discretion and address the topic.

## C. Disclosure of "Information"

¶ 22. WISCONSIN STAT. § 230.83, one of Wisconsin's whistleblowing statutes, provides protection for state employees from retaliation for the disclosure of certain information. *See Hutson*, 263 Wis. 2d 612, ¶ 37; WIS. STAT. § 230.01(2). The supreme court has explained that the whistleblowing statutes provide "specific parameters for protection," and although they are to be liberally construed, "only certain disclosures made a particular way and regarding [specified] subject matter[s] . . . will qualify for protection." *Hutson*, 263 Wis. 2d 612, ¶ 37.

¶ 23. More specifically, WIS. STAT. § 230.83(1) prohibits "retaliatory action." Looking to the definition of "[r]etaliatory action" in § 230.80(8)(a), the term is defined to include taking disciplinary action against an employee who "lawfully disclose[s] information." "Information," in turn, is defined in § 230.80(5), which provides in relevant part: " 'Information' means information gained by the employee which the employee reasonably believes demonstrates . . . [a] violation of any state or federal law, rule or regulation . . . [or] [m]ismanagement or abuse of authority in state or

208

local government, a substantial waste of public funds."
*See Hutson*, 263 Wis. 2d 612, ¶¶ 38–39; *Albrechtsen v. DWD*, 2005 WI App 241, ¶ 2, 288 Wis. 2d 144, 708 N.W.2d 1.

¶ 24. DOJ argues that Schigur did not disclose "information," within the meaning of Wis. Stat. § 230.80(5), in her April 2008 emails because the April emails contained only Schigur's "concern," or opinion, that the proposed security detail for the Attorney General was unlawful. Relying on an unpublished opinion from this court and federal district court opinion, DOJ asserts that *opinions* of an employee do not qualify as "information" under Wis. Stat. § 230.83(1). *See Kinzel v. Board of Regents*, No. 2012AP1586, unpublished slip op. (WI App March 28, 2013);[6] and *Kmetz v. State Historical Society*, 304 F. Supp. 2d 1108 (W.D. Wis. 2004).

¶ 25. In *Kinzel*, we addressed whether the content of an employee's email "lawfully disclos[ed] information" under Wis. Stat. § 230.90, another one of Wisconsin's whistleblowing protection statutes, and we concluded that it did not. *Kinzel*, No. 2012AP1586, unpublished slip op. ¶ 1. Under § 230.90, a state employer is prohibited from retaliating against a state employee if the employee "lawfully disclos[es] information or because the employer or employer's agent believes the employee so exercised his or her rights." *Id.*, ¶ 18 (quoting § 230.90(2)). "[I]nformation" in § 230.90(1)(d) is defined, as it is in Wis. Stat. § 230.80(5), as "information gained by the employee which the employee reasonably believes demon-

---

[6] Unpublished opinions issued on or after July 1, 2009, that are authored by a member of a three-judge panel or by a single judge under Wis. Stat. § 752.31(2), may be cited for persuasive value. *See* Wis. Stat. Rule 809.23(3)(b).

strates . . . [a] violation of any state or federal law, rule or regulation [or] [m]ismanagement or . . . a substantial waste of public funds . . . ." *See id.*, ¶ 20. We concluded in *Kinzel* that although § 230.90 protects the disclosure of "information," it does not "cover employee statements that merely voice opinions or offer criticism." *Id.*, ¶ 19. More particularly, we concluded that the purported whistleblower there did not disclose "information" when he asserted to supervisors that two volunteers had been suspended without good reason, because his communication merely expressed an opinion that disciplinary action taken against other employees was an "abuse of authority." *See id.*, ¶¶ 20–22. In doing so, we relied on *Kmetz*, which analyzed whether an employee was afforded any protection under Wis. Stat. § 895.65,[7] yet another one of Wisconsin's whistleblower statutes. *See Kmetz*, 304 F. Supp. 2d at 1141–42.

¶ 26. Similar to Wis. Stat. §§ 230.90 and 230.83, Wis. Stat. § 895.65(2) prohibits a state employer from retaliating against an employee who "lawfully disclos[es] information." The court in *Kmetz* did not address whether the statements at issue in that case qualified as "information." Instead the court focused on whether the employee's statements constituted disclosures. *See Kmetz*, 304 F. Supp. 2d at 1141. Looking to the dictionary definition of the term "disclosure," which was not defined by the statute, the *Kmetz* court stated that "[a] disclosure is 'the action of making new secret information known." *Id.* (quoting The New Oxford American Dictionary 486 (2001)). The court concluded that the statements made by the employee in that case did not constitute a disclosure, and thus were

---

[7] Wisconsin Stat. § 895.65 was renumbered as Wis. Stat. § 230.90 in 2006. *See* 2005 Wis. Act 155, § 60.

not protected because the employee "did not make 'secret information known,' " she "[i]nstead . . . gave her opinions and views regarding information that was already known." *Id.*

¶ 27. Although *Kinzel* and *Kmetz* concerned different whistleblower statutes, we conclude that the reasoning in those cases is persuasive. Accordingly, we conclude that WIS. STAT. § 230.81(1) "does not cover employee statements that merely voice opinions or offer criticism." *See Kinzel,* unpublished slip op. ¶ 19.

¶ 28. As stated above, WIS. STAT. § 230.80(5) protects employees who lawfully disclose "information gained by the employee which the employee reasonably believes demonstrates . . . [a] violation of any state or federal law, rule or regulation . . . [or] [m]ismanagement or abuse of authority in state or local government, a substantial waste of public funds." Schigur argues that the content of her April 2008 emails is protected because they contained information "that she reasonably believe[d] demonstrate[d] a violation of law or government mismanagement." However, as we explain next, Schigur did not disclose unknown "information," but instead merely gave her opinion that a proposed security detail would possibly violate a law or regulation.

¶ 29. The emails at issue here were directed to Schigur's supervisor, Myszewski. It is undisputed that Myszewski was aware, prior to Schigur's emails, of the proposal to provide the Attorney General with security detail when the Attorney General attended the political event in Minneapolis. Schigur does not argue that she provided information to anyone who was not already aware of such information. The only thing new

in the emails was Schigur's statement of concern, that is, her statement that she was *"concerned* that providing state resources to the Attorney General while he participates in a political activity off duty *may* violate OSR regulations and state law." (Emphasis added). In his response, Myszewski stated that he did not believe that agents providing protection to the Attorney General at the RNC would constitute political activity on the agent's part, but that he would "forward [Schigur's] concerns up the chain of command." Schigur again responded by expressing concern. She stated that her "concern" was not with the agents participating in political activity, but rather "can state resources be used" in that particular situation.

¶ 30. In sum, Schigur's statements in the emails did not disclose "information," but rather expressed her opinion that providing security to the Attorney General might be a violation of law. Accordingly, we conclude that Schigur's April 2008 emails do not satisfy the requirements for according Schigur protection from retaliatory action under WIS. STAT. § 230.83.[8]

## CONCLUSION

¶ 31. For the reasons discussed above, we affirm.

*By the Court.*—Order affirmed.

_____

[8] Because we conclude that the relevant statements in Schigur's April 2008 emails were expressions of opinion and, therefore, not "information," we need not, and do not, reach other arguments raised by DOJ, including DOJ's argument that Schigur's statements are not protected because she did not first make those statements to her supervisor, as required by WIS. STAT. § 230.81(1)(a).